GROVES *vs.* THE STATE OF GEORGIA.

1. The object of §4504 of the Code was to give the officers named therein a hearing before the grand jury, if they so desired, before they could be arraigned for trial before a traverse jury for malpractice in office. If there was a prosecutor, the intention was to give him and the officer an opportunity to be heard before the grand jury; if no prosecutor, then to give the officer an opportunity to be heard before investigation and accusation against him at the instance of any member of the grand jury. It was not the intention to limit the power of the grand jury to cases in which there should be a prosecutor.

(*a.*) It would be the duty of a grand juror to bring to the attention of his fellows any matter which should come to his knowledge or which might be given in charge.

(*b.*) By §4632 of the Code, the legislature meant to obliterate the distinction between presentments and indictments, and to make the first as good as the last as to arraignment and trial for violations of criminal laws. Therefore, where before a presentment for malpractice "was sent before or acted on by the grand jury" the officer was served personally with a copy thereof (called in the solicitor general's entry of service, "this indictment),'' and with a list of witnesses, the presentment was not demurrable on the ground that the defendant could only be held to answer to an indictment preferred by a prosecutor and found true by a grand jury.

(*c.*) Case in 54 *Ga.*, 653, overruled, in so far as it conflicts with this decision.

September 9, 1884.

Criminal Law. Malpractice. Indictment. Presentment. Jury and Jurors. Before Judge ESTES. Habersham Superior Court. March Term, 1884.

To the report contained in the decision it is only necessary to add that the grand jury presented Groves, the ordinary, for malpractice in office. The presentment contained several counts, which charged the defendant respectively with failing to make his returns to the grand jury, with failing to bring the county taxes collected to a settlement, with issuing orders, knowing that the county did not owe the payee, and with passing and carrying into effect an order that the jury certificates, orders, old tax *fi.*

*fas.* and accounts which had collected in the ordinary's office should be burned, in order to make room for others. On the back of this presentment was endorsed a list of the witnesses and an entry signed by the solicitor general that he had served the defendant " personally with a copy of this indictment and a list of witnesses before the same was sent before or acted upon by the grand jury." This was .demurred to, on the ground that the defendant could not be tried for malpractice on a presentment, but only on an indictment preferred by a prosecutor and found by the grand jury.

The demurrer was overruled, and defendant excepted.

BARROW & THOMAS; CRANE & JONES; C. H. SUTTON; S. M. SMITH; H. S. WEST, for plaintiff in error.

WM. S. ERWIN, solicitor general, by DUNLAP & THOMPSON; CLAUD ESTES, for the state.

JACKSON, Chief Justice.

By special presentment of the grand jury, the plaintiff in error was charged with the offense of malpractice in office, in several counts therein specified. It was entered on the presentment by the solicitor general that the defendant was " served personally with a copy of this indictment and list of witnesses before the same was sent before or acted on by the grand jury."

The defendant to this accusation demurred to the same, on the. ground " that he cannot be held to answer said charge upon a presentment of a grand jury, but can be held liable to answer said charge only on an indictment preferred by a prosecutor, and found true by a grand jury." The court below overruled this demurrer, and this is the judgment assigned for error.

By the 4632d section of the Code, it is enacted that " all special presentments by the grand juries of this state, charging the defendants with violations of the penal laws,

shall be treated as indictments, and it shall not be necessary for the clerk to enter such presentments in full upon the minutes, but only the statement of the case and finding of the grand jury, as in cases of indictments; nor shall it be necessary for the solicitor general to frame bills of indictment on such presentments, but he may arraign defendants upon such presentments, and put them upon trial in like manner as if the same were bills of indictment."

By the 4504th section of the Code, it is enacted that "any ordinary, or member of any board of commissioners, or county judge, or justice of the peace, who shall be charged with malpractice in office, etc., . . . may be indicted, which indictment shall specially set forth the merits of the complaint, and a copy thereof be served on the defendant before the same is laid before the grand jury; and the prosecutor and the justice, and their witnesses, shall have the right of appearing and being heard before the grand jury, which indictment, if found true by the grand jury, shall, as in other cases, be tried by petit jury; and if the defendant be convicted, he shall be punished, etc."

This defendant was proceeded against precisely as required by the above 4504th section, and given every right which this section confers upon him necessary to a fair and impartial hearing before the grand jury. Before the presentment, or indictment, as it was called by the solici · tor general in his entry thereon, was laid before or acted on by the grand jury, a copy of it, with the list of witnesses, was furnished to him, and he had the opportunity of going before that body with his own witnesses, and confronting with them the state's witnesses, a list of whom was furnished him. It is true there was no prosecutor, and he had the advantage of not being met there by one who was inimical to him, and who would seek to have the bill found true, being interested to establish his charge; but he went before a body of men sworn not to present him for malice or wrongfully in any way, but truly and as the facts narrated by his witnesses, as well as the state's, should make

the truth appear. ˙ Was he prejudiced thereby? It is not easy to see how. The presentment was not only not acted on by the grand jury, but not laid before them, until he was notified by a copy served on him, with a list of the witnesses to be sworn against him, and with every opportunity to cross-examine them and swear his own witnesses.

Can it be possible that a grand juror, sworn under section 3915 of the Code, "diligently to inquire and true presentments make of all such matters and things as shall be given you in charge, or shall come to your knowledge," cannot tell his fellow-jurors what has come to his knowledge touching malpractice in office, that they, with him, may look into it, without being a prosecutor or getting somebody else to act as such? If, after he is sworn, it comes to his knowledge, how can he avoid divulging it to his fellows? If, before he is sworn, he learned it, and the judge charges him his duty under section 3917, "to make presentments of any violations of the laws which he may know to have been committed at any previous time and which are not barred by the statute of limitations," how can he keep his oath to obey the charge of the court, and not tell his fellows what he knows? If, as charged in some of the counts of this presentment, treated legally by the solicitor general as an indictment under section 4632 of the Code, which declares that he "may arraign defendants upon such presentments, and put them upon trial, in like manner as if the same were bills of indictment," the malpractice consisted of failure to make such reports of public funds and acts respecting them as it was his duty to make to the grand jury, are all their mouths to be shut until they can procure a prosecutor, or one of them becomes such?

To state these questions is to show the absurdity of an affirmative answer to any of them.

The general assembly meant, in section 4504, to give the officers named therein a hearing before the grand jury, if they desired it, before they could be arraigned for trial

before the traverse jury. If there should be a prosecutor, they meant to give him and the officer a fair field before the grand jury; if no prosecutor, they meant to give him a fair opportunity of being heard before the grand jury, before, at the instance of any member, they investigated and concluded an accusation against him. They could not have meant to narrow the powers of the grand inquest. of the state in respect to such crimes as malpractice in. office, and to enable the guilty to escape because no one man dared or cared to become prosecutor where the public only were concerned.

The general assembly meant by section 4632 of the Code to obliterate the distinction between presentments and indictments; to make the first as good as the last for arraignment and trial of all violators of penal laws, when they declared therein that "all" (without any exception), "all presentments by the grand juries of this state, charging defendants with violations of the penal laws shall be treated as indictments," and clerks and solicitors general should treat both alike in arraignments and trials.

That section embodies the act of 1873, long subsequent to the passage of §4504, which is in Cobb's Digest and is. as old, it is believed, as the penal Code of 1833.

In so far as the case of *Hawkins vs. the State*, reported in 54th *Ga.*, 653, ruled by a majority of this court, militates against the views hereinbefore expressed, it is overruled.

Judgment affirmed.