J. T. DIXON *v.* THE STATE (No. 12).    D. W. DIXON *v.*
THE STATE (No. 13).

1. Any person delivering to a minor intoxicating liquors, not for
   the minor's use or consumption, but to be carried to the parent
   on an alleged verbal order or message from the parent, must, on
   the trial of an indictment for furnishing intoxicating liquors to
   the minor, take the burden of proving that the order or message
   was in fact given or sent, and was the real basis of the transac-
   tion in question.  And if these facts appear, and it further ap-
   pears that the minor actually carried the liquors to the parent
   without consuming or parting with any of the same on the way,
   no offence will be committed, the furnishing contemplated by
   the statute being one to the minor himself either for his own
   use or for some use to which he applies the same in the exer-
   cise of his own will.
2. Although in numerous previous instances a minor has been a
   truthful messenger and a faithful carrier between his mother and
   a liquor dealer, if he delivers a fabricated message not sent, and
   thereby deceiving the dealer, procures liquor which he uses him-
   self or furnishes to another minor, the dealer is guilty of violating
   the statute, the risk of the minor's conduct in all cases where
   written authority from the parent or guardian is not shown being
   upon the dealer.    *Judgment* in No. 12 *reversed;* in No. 13 *affirmed.*
   August 1, 1892.

Criminal law.  Liquor.  Minor.  Before Judge WILLIS.
City court of Columbus.    October term, 1891.

. J. T. Dixon and D. W. Dixon each were convicted of
selling and furnishing spirituous liquor to a minor with-
out written authority of the minor's parent or guardian.
The accusation against J. T. Dixon charged that he
committed the offence on the 4th of February, 1890.
The accusation against D. W. Dixon has two counts,
one charging him with the selling and furnishing, the
other with doing so by his clerk, the time charged be-
ing the 4th of February, 1890.  There is no dispute
that each of the Dixons sold and furnished whisky in
February, 1890, and on various other occasions, deliver-
ing it to the minor; but the defence was that it was

v 89-50

sold and furnished, not to the minor, but to his mother who was accustomed to trade with the defendant, buying groceries, whisky, etc., and sending for the same to his store by the minor, whose father was dead, and who had no guardian other than his mother. She gave no written authority ; but it was set up that she had previously told the defendant to send her whisky by the minor when she sent by him for it. One of the errors assigned is, that the court ruled out her testimony to this effect, and also rejected a pass-book kept by her, on which the defendant charged her with articles purchased, and which she sometimes sent, and sometimes did not send, by the minor. The evidence shows that all the liquor obtained from J. T. Dixon was sent for by the mother and carried to her by the minor ; but on one occasion he obtained some from D. W. Dixon for himself and another boy, upon the false statement that the mother had sent for it.

The court charged the jury that the only question for them to look to was, whether the defendant by himself or another either sold or furnished liquor to a minor without the written consent of the parent; and that if he did so, the jury would be justified in convicting him. This is assigned as error.

It is further alleged that the court erred in refusing to charge as requested: "If the liquor was sold to the mother by the defendant, and she directed that the liquor be sent her by her son who was a minor, and it was given to the son by the defendant to be carried to his mother, this would not be selling and furnishing to the minor, but would be to the mother, and you would be authorized to acquit.

"Before you can convict in this case, you must believe that the whisky was furnished to this minor, and for the use of the minor. If it was sold to the mother of the minor and delivered to the minor to be carried to

his mother, then I charge you that you would be author-
ized to acquit."

WORRILL & LITTLE, for plaintiffs in error.
T. Y. CRAWFORD, solicitor, *contra*.