## BARLOW *v.* THE STATE.

1. In this State all special presentments of the grand jury charging defendants with violations of the penal laws are treated as indictments.

2. Where a special presentment had the name of the foreman of the grand jury, with his official designation as such, signed on the back of it, and below such signature were the printed words "special presentment," this was a sufficient endorsement to show that the grand jury found such special presentment; and there was no error in overruling a motion to quash it.

3. Evidence of an unlawful sale of intoxicating liquor to an agent, with notice that he was purchasing for his principal, will not support an allegation in an indictment of a sale to the agent as an individual.

Argued November 19, — Decided December 12, 1906.

Indictment for unlawful sale of liquor. Before Judge Reagan. Butts superior court. September 29, 1906.

Barlow was tried under a special presentment made by the grand jury of Butts county, charging him with the offense of selling intoxicating liquor in a county where it was unlawful to do so. Before pleading to the merits, he moved to dismiss the charge and quash the presentment on the ground that it had never been endorsed by the foreman of the grand jury as a true bill or special presentment or charge of any kind. The special presentment was returned on a printed blank. On its face it was in the form usual in this State for indictments or special presentments, except that no prosecutor's name was written on it, as is done where it is called

an indictment.　On the back of the paper appeared at the top blank spaces for the number of the case, the court in which it was, and the term.　Below this was a statement of the name of the case.　Below this came the following printed form:

"............................Bill

..........................Foreman

........day of..................190..

........................Solicitor-general.

........................Prosecutor.

　　　Special Presentment."

From this form the word "Bill" was erased by lines drawn through it with a pen.　The name of the foreman of the grand jury was written in the space provided for that purpose.　The name of the solicitor-general was also written in one of the blank spaces. The motion to quash was overruled.　After conviction the defendant moved for a new trial on the general grounds.　The motion was overruled, and he excepted.

*Frank Z. Curry* and *O. M. Duke*, for plaintiff in error.

*O. H. B. Bloodworth, solicitor-general,* contra.

LUMPKIN, J.　(After stating the foregoing facts.)

1, 2. Under the English practice, where it was desired to have the grand jury act upon an indictment, a draft of it, termed a bill, was engrossed on parchment and laid before the grand jurors. They examined witnesses in reference to its allegations, and if they found them true, and so declared, it became an indictment.　The bill had to be found true by a majority of the jurors, which majority had to consist of at least twelve.　In Archbold's Crim. Pl. & Pr. (3d ed.) 102, it is said:　"The finding must be endorsed on the indictment, and is 'parcel of the indictment and the perfection of it,' and 'touches it principally, for it is the life of it.'　R. v. Ford, Yelv. 99.　And the bill as found must be delivered in open court: R. v. Thompson, 1 Cox, 268; and it should be signed by the foreman; but absence of the signature is not fatal, if the bill was delivered by the foreman in open court and read in his presence.　R. v. Sidoli, 1 Lewin, 55."　4 Bl. Com. 305.　The action of the grand jury was indicated by the endorsement "a true bill," or "ignoramus," or, at a later date, instead of the latter, "not found," and all the bills so acted on were returned by the grand jury to the court.　In this way the endorsement became the evidence of their

action. In this country in many of the States the prosecuting officer attends the grand jury and postpones drawing the bill until the evidence has been heard and he is advised whether or not they will indict the accused person, and for what offense. In Frisbie v. United States, 157 U. S. 163, it is said: "But in this country the common practice is for the grand jury to investigate any alleged crime, no matter how or by whom suggested to them, and, after determining that the evidence is sufficient to justify putting the party suspected on trial, to direct the preparation of the formal charge or indictment. Thus they return into court only those accusations which they have approved, and the fact that they thus return them into court is evidence of such approval, and the formal endorsement loses its essential character." Accordingly it was held in that case that "The omission of the formal endorsement of an indictment as 'a true bill,' signed by the foreman of the grand jury, is not necessarily and under all circumstances fatal, although it is advisable that the indictment should be endorsed." See also State v. Magrath, 44 N. J. L. 227, 228; Price v. Commonwealth, 21 Gratt. (Va.) 846, 856; Commonwealth v. Smyth, 11 Cush. (Mass.) 473, 474. In Bishop's Criminal Procedure (4th ed.), § 700, it is said: "In the absence of a mandatory statute, the doctrine best sustained by reason and authority is that the words 'a true bill,' and the signature of the foreman, may be dispensed with, if the fact of the jury's finding appears in any other form in the record."

When the accusation was found by a grand jury without any bill being brought before them, and was afterwards reduced to a formal indictment, it was called a presentment; which, it has been said, was regarded merely as instructions for an indictment, which was drawn by the proper officer on the presentment being delivered into court. 2 Hawkins' P. C. 287; Bishop's Cr. Proc. (4th ed.) §§ 136, 137.

In this State the difference between an indictment and a special presentment has been abolished, with respect to the requirements of law in regard to trials under them, a mere technical distinction remaining that in an indictment the accusation is presented by a prosecutor, and in a special presentment it is preferred by the grand jury without a prosecutor. Groves v. State, 73 Ga. 205. The form is substantially the same, whether the grand jury indicts

or presents.   Penal Code, § 929; *Foster* v. *State*, 41 *Ga.* 582.   Special presentments charging defendants with violating the penal laws of the State are treated as indictments.   The defendants are arraigned and placed upon trial upon such presentments without the necessity of formal indictment, as if the presentments were themselves indictments.   It is declared by the Penal Code, § 931, that "it shall not be necessary for the clerk to enter such presentments in full upon the minutes, but only the statement of the case, and finding of the grand jury as in cases of indictments."   Here the practice as to the return of indictments is not altogether like that stated by the Supreme Court of the United States in the Frisbie case, and which appears to prevail in New Jersey, Virginia, and other States.   Thus in State *v.* Magrath, 44 N. J. L. 229, supra, it is stated that there are no bills, in this course of law, which are marked "not found."   In Georgia bills are returned, whether the finding is "a true bill" or "no bill."   While there is no direct statute on the subject of the return, such has been the practice, and this is recognized in the Penal Code, § 930, where it is declared that "Two returns of 'no bill' by grand juries, on the same charge or accusation, shall be a bar to any future prosecution for the same offense, either under the same or another name, unless such returns have been procured by the fraudulent conduct of the person charged, on proof of which, or of newly discovered evidence, the judge may allow a third bill to be presented, found, and prosecuted."   If the practice were, as in some jurisdictions, to make no return of bills of indictment except where accusations are approved as true, this section would have no application, and there would be no means of determining that there had been two returns of "no bill."

It may be that where an investigation originates with the grand jury themselves, without prosecution, if they determine to make no presentment they are not bound to make a return at all; but the sections of the Penal Code above cited indicate that the proper practice is to make a return of "true bill or "no bill" on an indictment, and that where a special presentment is made, charging a crime, the finding of the grand jury is to be entered on the minutes as in cases of indictments.   The common practice in this State, though not exclusive, is for the indictments or special presentments of the grand jury to be returned to the court, not by them in a body, but through their sworn bailiff.   But this must be:

done in open court. *Danforth* v. *State*, 75 *Ga.* 614; *Sampson* v. *State*, 124 *Ga.* 779. Where the grand jury are not present and formally delivering the indictments, the entry becomes more important. As will appear below, we are not prepared to say that this is the sole mode in which it might be shown that the indictment was returned, although the entry was not signed, if other proper record evidence of the fact appears. In *McGuffie* v. *State*, 17 *Ga.* 497 (8), it was held that an objection that the return of "true' bill" upon an indictment was signed by a·grand juror, but not as foreman, made by motion in arrest of judgment after trial and verdict, was properly overruled. Starnes, J., in delivering the opinion, said that there was then no positive law requiring the signing by the foreman, and that this seemed not to have been required at common law, though the practice was usually adopted and was advisable; that the minutes would show who was the foreman of the grand jury; and that the exception went rather to the form than to the merits of the proceeding, and should have been taken before trial. Penal Code, § 955. In *Williams* v. *State*, 107 *Ga.* 724, Lewis, J., said: "It would seem that the real entry which is necessary to give the paper authenticity as an indictment by the grand jury is the endorsement of that action upon the paper, signed by the foreman of that body; and that recitals in the indictment that it was found by the grand jury of a particular term, in the absence of any form prescribed by statute, would carry with it the presumption that the identical jurors who served at that term actually passed upon the bill and authorized the entry of the action placed thereon by the foreman." In that case, however, there was an entry of "true bill" signed by the foreman, but the names of the grand jurors were filled in by the solicitor-general in open court with the assent of counsel for defendant; and after conviction the point was raised that there was no lawful indictment.

According to the diversity in practice there has been some difference in views in regard to the necessity for signing the entry on the back of the indictment, and whether a failure in that regard will furnish a ground for a motion in arrest of judgment. Under our law and practice, we believe the proper view to be that where a "true bill" is found, it should be so entered on the indictment, and the entry should be signed by the foreman of the grand jury. If the indictment should be regularly returned, however, and

should so appear upon the minutes of the court, though the endorsement were unsigned, it is probable that this might take the place of the return and reading of the indictment in the presence of the foreman in open court, referred to in Sidoli's case, 1 Lewin, 55, supra, under the old English practice, and thus be held sufficient. It is not necessary, however, to decide that point, as the case before us rests on the sufficiency of the entry alone.

The objection was duly raised before pleading to the merits, and therefore we are to determine whether the entry may be treated as sufficient, or whether it is to be treated as no entry of the action of the grand jury. On the back of the special presentment was a blank space, followed by the printed word "bill," evidently intended for the insertion of the word "true" or "no." A little further down were printed the words "special presentment." The word "bill" was erased by lines drawn across it with a pen. This left the signature of the foreman as such, and a little below it the words "special presentment." It is evident that the foreman intended to make some entry as to the action of the grand jury; and it is not contended that the paper was not properly returned in open court, according to the usual practice in this State. Here, then, was a paper purporting on its face to be a special presentment, having on its back the signature of the foreman of the grand jury, and the words "special presentment" below his name. This was not a very accurate mode of making an entry, but we think, upon the whole, that it meant that the jury had made this special presentment, and that the foreman so entered it; and it was thus returned to the court. While the words "true bill" were not used, yet an entry of "special presentment" signed by the foreman would mean that the grand jury had made such "special presentment," and, as we have just said, the entry actually made was the equivalent of this. It has been generally held that it is sufficient if the endorsement "a true bill" is in form a substantial representation of the finding of the grand jury, and that neither the position of the endorsement, nor the relative position of the signature, nor the manner of signing the endorsement by the foreman will invalidate it. 10 Enc. Pl. & Pr. 440. Thus an endorsement "true bill" has been held sufficient, omitting the article "a." Martin v. State, 30 Neb. 507. An endorsement "a bill" has been declared to be in effect an endorsement that "a true bill" was found. Sparks v. Com. 9

Penn. St. 354. An entry of "a true bill" has been held sufficient. State *v.* Williams, 47 La. Ann. 1609. In Virginia it is ruled that if the bill was actually found to be true by the grand jury, and such finding be announced by the clerk on the return, and with the acquiescence of the grand jury, and entered on record, the absence of an endorsement of "true bill" will not make the return bad. Where an indictment for burning a stable belonging to a man named Gunn was found, and the foreman endorsed on the back of it "a true gun," and this was regularly returned as being a finding of a "true bill," the irregularity of the entry was held not to invalidate it. White *v.* Com. 29 Gratt. (Va.) 824. It is not necessary that the foreman should write the form, but he may sign an endorsement printed on the indictment (Tilly *v.* State, 21 Fla. 242) ; or one already prepared for him. State *v.* Elliott, 98 Mo. 150. Where the words "a true bill ——————, foreman of the jury," were printed, and the name of the foreman of the grand jury was appended thereto instead of preceding the words descriptive of his office, this was held sufficient. State *v.* Hogan, 31 Mo. 342. And where the signature of the foreman preceded the endorsement "a true bill," it was held sufficient. State *v.* Bowman, 103 Ind. 69.

Under the foregoing views, there was no error in overruling the motion to quash the special presentment.

3. It was alleged in the presentment that the liquor was sold to C. L. Thaxton. The evidence showed, without controversy, that one J. G. Caldwell gave to Thaxton a dollar, and told him to go and get some whisky for Caldwell; that Thaxton went to the house of defendant, informed him that Caldwell had sent him (Thaxton) to get some whisky, paid to the defendant the dollar, received a bottle of whisky and twenty-five cents in change, and carried the bottle unopened and delivered it to Caldwell; and that it contained corn whisky. Under the rulings of this court in dealing with indictments for selling spirituous liquors unlawfully, a special presentment charging the sale of liquor in a county where such sale is prohibited need not allege the name of the person to whom the liquor is charged to have been sold. *Newman* v. *State,* 101 *Ga.* 534(2). But if the sale is charged to have been made to a named person, the proof must conform to the allegation. Evidence of an unlawful sale of liquor to an agent, with notice that he was purchasing for his principal, will not support an allegation in

an indictment of a sale to the agent.    Com. v. Remby, 2 Gray
(Mass.), 508; 2 Kent's Comm. 629; Dixon v. State, 89 Ga. 785;
Hall v. State, 87 Ga. 233(2), cited and limited in Kemp v. State,
120 Ga. 157; Tony v. State, 3 L. R. A. (N. S.) 1196, and note.  If
the principal were undisclosed, or if it were not shown that an
agency in fact existed, although the purchaser pretended to be act-
ing as agent, the case might be otherwise.

<em>Judgment reversed.    All the Justices concur.</em>