### 710. McALLISTER v. THE STATE.

That the foreman of a grand jury did not sign the entry of true bill on an indictment is no ground for a motion in arrest of judgment.

Motion in arrest of judgment, from Bartow superior court—Judge Fite. July 26, 1907.

Argued October 9,—Decided October 15, 1907.

*James B. Conyers,* for plaintiff in error.

*Sam. P. Maddox, solicitor-general,* contra.

RUSSELL, J. After his conviction of a misdemeanor, the defendant made a motion in arrest of judgment. His motion was overruled, and he excepts to this judgment. The motion in arrest of judgment is predicated upon the fact that the indictment was not signed by the foreman of the grand jury. In *Barlow* v. *State,* 127 *Ga.* 62 (56 S. E. 131), Judge Lumpkin remarks that the proper practice is for the foreman of the grand jury to sign a finding of true bill, on the back of the indictment, and this is the

universally recognized practice.. But there is **no positive law** requiring that the foreman of the grand jury shall sign the finding at all. It was not required at common law. If it be indispensable that the foreman shall sign it, the defect arising from failure to sign is at least not ground for a motion in arrest of judgment. That has been definitely decided in *McGuffie* v. *State,* **17 Ga. 510.** In *Hughes* v. *State,* 76 Ga. 40, the same question was before the court, and it was held that "all exceptions which go merely to the form of the indictment shall be made before trial; and no motion in arrest of judgment shall be sustained for any matter not affecting the real merits of the offense charged in the indictment. If a plea in abatement had been filed, it might be that the State would have shown from the minutes of the court the finding of the grand jury." The court, therefore, committed no error in refusing to arrest the judgment.               *Judgment affirmed.*