## 15418. HEAD *v.* THE STATE.

1. The demurrer to the indictment, on the ground that the grand jury had
   not found it to be true, but had found it not true, was properly overruled.
2. When considered in connection with the remainder of the charge and
   in the light of the evidence, no part of the charge complained of con-
   tains error requiring the grant of a new trial; nor is a new trial de-
   manded because the judge failed to give certain instructions.
3. There is evidence to support the verdict.

DECIDED MAY 13, 1924.

Indictment for murder—conviction of manslaughter; from Doug-
las superior court—Judge Irwin. February 8, 1924.

Application for certiorari was denied by the Supreme Court.

*J. H. McLarty, Astor Merritt, Morris, Hawkins & Wallace,* for
plaintiff in error.

*J. S. Edwards, solicitor-general pro tem., J. R. Hutcheson, D. S.
Strickland,* contra.

BLOODWORTH, J. We will discuss only the demurrer to the
indictment. The demurrer alleged that the grand jury had "never
found the same to be true, but on the contrary have found the same
'Not True,' and therefore the purported bill of indictment is void."
The court was asked to quash the indictment. An endorsement on
the back of the indictment shows that it was "returned into open
court by the grand jury." On the back of the indictment the fol-
lowing endorsements also appear: "The State vs. Leonard Head.
Murder. J. M. Boyd, Foreman pro tem. True bill. E. S. Griffith,
Solicitor-General. Special presentment." It will thus be seen that
the entries on the indictment show that the grand jury did find
the bill true, and it was regularly returned into court. "In the
case of *Barlow* v. *State,* 127 *Ga.* 58 (56 S. E. 131), Justice Lump-
kin quoted with approval the statement made in *Williams* v. *State,*
supra (107 *Ga.* 724), that 'the real entry which is necessary to give
the paper authenticity as an indictment by the grand jury is the
endorsement of that action upon the paper, signed by the foreman

of that body.' " *Willerson* v. *State,* 14 *Ga. App.* 455 (81 S. E. 392). That on the back of the endorsement both the words "true bill" and "special presentment" appear can make no difference in this case. In *Switzer* v. *State,* 7 *Ga. App.* 10 (65 S. E. 1081), this court, speaking through Chief Judge Hill, said: "The distinction between a special presentment and a bill of indictment, even under the old practice, according to Mr. Bishop, in his work on Criminal Procedure (§ 136), was very thin; and even this distinction has been abolished in practice for many years in this State. The solicitor is not required to frame any indictment on a special presentment, but the special presentment of the grand jury is returned into court, and upon it the defendant is arraigned and tried. In other words, it has the same force and effect as a bill of indictment. The only formal difference between the two is that a prosecutor prefers a bill of indictment, and a special presentment has no prosecutor, but, in theory, originates with the grand jury. Even this difference between a bill of indictment and a special presentment no longer exists, and the finding of the grand jury is prepared by the solicitor-general and called a bill of indictment, or a special presentment at his will." In *Barlow* v. *State,* 127 *Ga.* 58 (56 S. E. 131), the first headnote is as follows: "In this State all special presentments of the grand jury charging defendants with violations of the penal laws are treated as indictments." See also Penal Code (1910), § 956. Nor does it make any difference that the name of the foreman was written above the words "true bill" or "special presentment." See *Barlow* v. *State,* supra. Nor does it matter that the indictment is signed by a member of the grand jury as foreman pro tem. In *White* v. *State,* 93 *Ga.* 47 (2) (19 S. E. 49), it is held: "When it appears upon the face of an indictment that a named grand juror served as 'foreman pro tem.', and the finding of 'true bill' was signed by him as such, the presumption is that the juror was properly serving as foreman in that case." Indeed, in the brief of counsel for plaintiff in error, they say: "It is true that the statement is first made on the indictment that it is found to be true." The only insistence by counsel for plaintiff in error is that the grand jury had not found the bill true because it was returned into court "with the following notation made thereon or attached thereto: 'We, the grand jury for the March term, 1923, find bill against Leonard Head true, with recommendation that he

be tried for manslaughter instead of murder. This recommendation made to save the drawing of another bill charging manslaughter instead of murder. J. M. Boyd, Foreman pro tem.' " The certificate of the clerk shows that the above recommendation of the grand jury was not written on the indictment, but was "attached to said bill of indictment by the grand jury." As shown above, the indictment in this case was found true and regularly returned by the grand jury, and nothing contained in the paper attached to it by the grand jury would invalidate it. See *Edwards* v. *State*, 121 *Ga.* 590 (1) (49 S. E. 674). The demurrer was properly overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*