20977.   TURNER *v.* SHACKELFORD *et al.*

272

*Hal Lawson,* for plaintiff.

*Shackelford & Shackelford, H. W. Davis,* for defendants.

JENKINS, P. J. The learned judge who passed upon the motion to dismiss in the court below embodied the following opinion with his judgment:

"This is a suit for damage to certain real estate, brought against Cohen of Wilcox county and Shackelfords of Clarke county, Georgia. At a trial had, the jury found in favor of Cohen and against the defendants, Shackelfords. Shackelfords filed a motion for new trial, as did also the plaintiff. Shackelfords also filed a motion in arrest of judgment. The court sustained their motion to arrest the judgment as against them. The plaintiff filed his bill of exceptions and carried this question to the Court of Appeals, and the judgment sustaining the motion in arrest of judgment was affirmed by said Court of Appeals (*Turner* v. *Shackleford,* 39 *Ga. App.* 49, 145 S. E. 913). Thereafter the plaintiff took an order sustaining his motion and granting him a new trial. When the case was again called for trial the defendants, Shackelford and Cohen, filed separate motions, asking that it be held by the court that the case had been finally determined by the motion in arrest of judgment and said case be stricken from the docket; and, after careful consideration of the same, said motions are sustained and said case is hereby stricken from the docket. The court is of the opinion that when the plaintiff excepted to the judgment of the court sustaining Shackelford's motion in arrest of judgment, carried the same to the Court of Appeals, this was tantamount to an abandonment of his right under his motion for new trial; that if he had wanted to have saved his right under his motion for new trial, he should have filed his exceptions pendente lite to the sustaining of the motion in arrest of judgment, and, if his motion for a new trial should have been overruled, carried both questions to the higher court for review and correction. In *Hay* v. *Collins,* 118 *Ga.* 243, the court held that a party who has filed a motion in arrest of judgment and a motion for a new trial may in separate bills of exceptions carry same to the higher court, but the court

criticized this practice; but here the only question carried up is the question of the court sustaining the motion in arrest of judgment, and this by the party who has the motion for new trial pending and against whom the judgment was arrested. If the motion for new trial had been passed upon adversely to movant, as was the motion in arrest of judgment, then, under the decision in 118 *Ga.* cited, plaintiff could have either carried the case to the higher court by separate bills of exceptions or in one bill of exceptions, but had no right to take it up piecemeal. See *Bass* v. *African Methodist Episcopal Church,* 155 *Ga.* 57 [116 S. E. 816]."

It is true that the practice of assigning error on a ruling denying a motion in arrest of judgment and on a judgment overruling a motion for new trial, in separate bills of exceptions, was criticized by the Supreme Court in *Hay* v. *Collins,* supra, and by this court in *Washington & Lincolnton R. Co.* v. *Powell,* supra, but both the Supreme Court and this court, in following the Supreme Court, recognized the right of a movant so to do. The case of *Bass* v. *African Methodist Episcopal Church,* supra, presents, as we see it, a different question under a different sort of procedure. There the same questions which it was sought to assign as error in the second bill of exceptions had already been adjudicated in the court below at the time the first bill of exceptions was sued out, and the court held that it would refuse to take "two bites at the same cherry;" whereas in the instant case the question involved in the motion for a new trial had not been disposed of at the time the first bill of exceptions was sued out, but, by consent of counsel, remained pending in the court below until this court should have passed upon the questions presented by the bill of exceptions taken in the motion in arrest. The only matter disposed of by the trial court and by this court on the motion in arrest was the construction of the verdict and a determination of whether, under such a verdict in favor of the resident defendant, a legal judgment could be entered against the other two who were nonresidents. These were open questions at the time the motion for a new trial was made. Assuming that the plaintiff in error, if he had seen proper to do so, might have excepted pendente lite to the ruling arresting the judgment, so that if the judge should subsequently overrule his motion for a new trial he would be in position to except to both rulings in the same bill of exceptions, under the rulings

cited he was not compelled to do so. If such a procedure had been adopted, the plaintiff, on the granting of the motion in arrest, would have had to file exceptions pendente lite, and thereafter await a possible adverse ruling on his motion for a new trial, before he could review the ruling upon the motion in arrest. Inasmuch as a judgment reversing the ruling on the motion in arrest might have been all that the plaintiff desired, he had the right to let the appellate court pass upon that question, and if the appellate court had found in his favor he would then, in point of fact, have shortened the determination of the questions at issue. This court having decided the questions involved in the motion in arrest adversely to the plaintiff in error while the motion for a new trial, under consent of counsel, remained pending, the motion for a new trial thereupon stood in order to be heard, and, after a hearing and the grant of a new trial, to which no exception was taken, the original case stood for trial in the court below as though there had been no trial.

*Judgment reversed. Stephens and Bell, JJ., concur.*