### 29451. COX v. BANK OF OCHLOCHNEE.

DECIDED JULY 6, 1942. REHEARING DENIED JULY 28, 1942.

*Edward T. Hughes, Frank S. Twitty,* for plaintiff in error.
*F. L. Forester,* contra.

STEPHENS, P. J. After the rendition of a verdict for the defendant, the plaintiff made a motion for new trial which was afterwards amended. The defendant moved to dismiss the motion for new trial on the ground, as alleged in the motion, that no brief of the evidence had been filed. There is also a recital in this motion to dismiss to the effect that no brief of the evidence was filed. These recitals are nowhere verified by the judge, and it nowhere appears from the record or otherwise than in these recitals in the motion to dismiss that there had not been presented for approval of the judge, or filed, a brief of the evidence. This is no more than a statement of counsel that no brief of the evidence had been filed. This, of course, is not such a verification of the record, or of what transpired before the court, as is required by law. In *Owen* v. *Groves,* 145 *Ga.* 287 (4) (88 S. E. 964), it was held: "The recital of facts as the basis of a motion for a new trial is not proof in itself of the existence of those facts, in the absence of a distinct and direct allegation that the facts enumerated actually existed." To the same effect see *Durrence* v. *Groover,* 160

*Ga.* 680 (2) (129 S. E. 29). The verification by the judge of the grounds of the motion for new trial is a legal verification of the facts which are alleged as grounds of error in the motion.

There therefore appears no establishment of the existence of the fact alleged as a ground on which is based the motion to dismiss the motion for new trial. The record of this case, as it here appears in this court, contains no brief of the evidence, and no brief of the evidence is recited in the specifications in the bill of exceptions. It does not appear from the record that the court erred in overruling the motion to dismiss the motion for new trial, assuming that the court passed on this motion. It is recited in the bill of exceptions that the court passed no order on the motion to dismiss the motion for new trial. The only order or judgment of the court was one expressly granting a new trial. While it is contended by the defendant, the plaintiff in error, that this judgment amounted to a judgment overruling the motion to dismiss the motion for new trial, this judgment by its express terms merely grants a new trial, and neither therein nor elsewhere does it appear that the court in terms rendered any judgment or order on the motion to dismiss the motion for new trial.

Whether or not it can be said that the judge, in passing on the motion for new trial and granting a new trial, necessarily overruled the motion to dismiss the motion for new trial, it appears that the only judgment which the judge rendered in express terms was the judgment granting a new trial. The only question presented for this court's consideration is, did the judge err in granting a new trial?

To the judgment granting to the plaintiff a new trial, which was the only judgment rendered, the defendant excepted "as being contrary to law," and that the "court erred in granting said motion for new trial on each and all of the grounds therein stated." None of the grounds of the motion for new trial as amended presented for determination any question respecting the alleged invalidity of the motion for new trial on the ground that no brief of the evidence had been filed. The record is silent as to whether a brief of the evidence was ever filed. Error must affirmatively appear, and since error does not affirmatively appear, this court can not hold that the trial judge erred in granting a new trial on the ground that no brief of the evidence had been filed.

Since the court passed on the motion for new trial and granted a new trial, in the absence of anything to the contrary there is a presumption in favor of the court's jurisdiction to entertain the motion for new trial and to pass on it.

Should there be any error in the judgment granting a new trial to the plaintiff because the verdict which had been rendered for the defendant was as a matter of law demanded, this fact is not shown by the record.

The rules of the Court of Appeals do not contemplate that opposing counsel can agree on what was in the record in the trial court and which does not appear of record in this court. The only rule of the Court of Appeals permitting counsel to agree on the record has reference to the statement of counsel for the defendant in error as to what appears of record in this court. Therefore, any agreement in briefs by counsel for both sides in this case that no brief of evidence was presented or filed in the trial court is not an agreement between counsel as to what appears of record in this court.

The judgment granting a new trial, and overruling the motion to dismiss the motion for new trial, if the record can be construed as showing that the court overruled the motion to dismiss, should be affirmed. *Judgment affirmed. Felton, J., concurs.*

SUTTON, J., dissenting. To the plaintiff's petition in the present case the defendant filed an answer and cross-action, asking for affirmative relief, and the court, after calling the case and neither the plaintiff nor its counsel appeared, directed that the case proceed, and the jury returned a verdict in favor of the defendant on his cross-action. The plaintiff within the term filed a motion for new trial on the usual general grounds, and by an order of the court the right was granted it to file a brief of the evidence and to amend its motion at any time until the final hearing of the motion. The plaintiff thereafter amended its motion for new trial and set up that it had a valid and meritorious defense to the defendant's cross-action, and that it had not had its day in court, and prayed that the *verdict* be set aside and a new trial be granted it. When the motion for new trial as amended finally came on for a hearing, counsel for the defendant made a written motion to dismiss the plaintiff's motion for new trial on the ground that no brief of evidence had been filed by it. The court granted a new trial to the

plaintiff, reciting in its order that "after carefully considering the grounds set forth in said motion a new trial is hereby granted in said case." The motion to dismiss the motion for new trial on the ground that no brief of the evidence was filed with the motion appears of record in the case, and there is a recital in the bill of exceptions that this motion to dismiss was made before the judge granted the new trial. There is no contention on the part of the defendant in error that any brief of the evidence was ever filed with the motion for new trial, but it contends that the amendment to the motion may properly be considered by the trial court as being separate from the original motion and as a motion to set aside the judgment.

There is no statutory provision for setting aside a verdict other than by a motion for new trial or its equivalent, except where the legality of the verdict is directly challenged as provided by Code § 6-804 in a case where "the judgment, decree, or verdict necessarily has been controlled by one or more rulings, orders, decisions, or charges of the court." *Lovelace* v. *Lovelace,* 179 *Ga.* 822, 827 (177 S. E. 685). "A motion to set aside a verdict, based on matters not appearing on the face of the record, is not an available remedy to avoid the verdict, unless the motion is of such form and content as to be in substance a motion for a new trial, and complies with the rules governing such a motion." *Lucas* v. *Lucas,* 179 *Ga.* 821 (177 S. E. 684). "A brief of evidence is essential to the validity of any motion for a new trial, and this is true even though the only ground of the motion insisted upon does not require a consideration of any of the evidence introduced on the trial." *Chandler* v. *Chandler,* 191 *Ga.* 172 (1) (11 S. E. 2d, 666). A motion to set aside a verdict is distinguishable from a motion to set aside a judgment. *Lucas* v. *Lucas,* supra. A motion to set aside a judgment may be based on facts not appearing on the face of the record.

Under rule 18 of this court (Code § 24-3618), "The brief of the defendant in error shall be subdivided in the following manner: (1) Part one shall point out any material inaccuracy or incompleteness of statement in the brief of counsel for the plaintiff in error, and shall contain such additional statement as may be deemed necessary, and shall cite such additional parts of the record as are deemed material thereto. If the defendant in error should

fail to do so, he will be held to have consented to a decision of the case on the statement made by the plaintiff in error. Except as controverted, the statement of facts by the plaintiff in error may be accepted by this court as being prima facie true;" and from the apparent admission by the defendant in error that no brief of evidence was filed with the purported motion for new trial, it must be taken as true that no such brief of evidence was filed, and there being no valid motion for new trial in the absence of a brief of the evidence, I am of the opinion that the trial court erred in refusing to sustain the defendant's motion to dismiss on the said ground and in granting the plaintiff a new trial.

With reference to the motion the plaintiff in error in his brief in this court stated that "the original motion for a new trial and the amended motion for a new trial are the only papers or records filed by the plaintiff," and this was admitted by counsel for the defendant in error in his brief. This admission that no brief of evidence was filed in the trial court should be taken as tantamount to an admission that the record in this court should be considered as if it showed that no brief of evidence was filed in the trial court. It is not even contended by the defendant in error that any brief of evidence was ever filed with the motion for new trial; but it is contended that the amendment to its original motion for new trial could properly be considered by the trial court as a motion to set aside the judgment and that upon this the trial court might in its discretion grant a first new trial. This contention is without merit and can not legally be maintained. This document was just an amendment to the motion for new trial and did not pray that the court set aside the judgment, but asked that the *verdict* be set aside, a determination of which necessarily involves a consideration of the evidence introduced upon the trial, and to which a brief of the evidence is essential.

As stated, no brief of the evidence is contained in the record in this court, and it is not even contended by the defendant in error that any brief of evidence was ever filed with the motion for new trial, but it undertakes to justify and sustain the granting of a new trial on the erroneous theory that the amendment to the motion for new trial could be considered by the trial court as a motion to set aside the judgment. In these circumstances I think

that the trial court erroneously granted a new trial, and I can not concur in the judgment of affirmance.

### ON MOTION FOR REHEARING.

STEPHENS, P. J.   The plaintiff in error in a motion for rehearing and a supplement thereto, insists that in affirming the grant of a new trial this court has overlooked certain authoritative utterances which, in the opinion of the movant, would demand a contrary judgment.   Movant's contentions are as follows:   (1) that there appears no valid motion for new trial in that there is no brief of the evidence; (2) that the certificate of the judge verifying the recitals in the bill of exceptions, among them being that certain portions of the record are material to an understanding of the errors complained of, is equivalent to a certification that no brief of the evidence had been presented and filed; (3) that there is no denial by the respondent to the motion to dismiss the motion for new trial, of the allegation in that motion that no brief of evidence had been filed, which amounts to an admission on the hearing of the motion for new trial that no brief of evidence had been filed.

In reply to the first proposition, it is sufficient to say that he assumes as true that no brief of the evidence had been filed.   This assumption is necessarily predicated on the fact that it does not appear from the record that any brief of the evidence was filed or the statement of counsel for defendant in error.   This is not an answer to the ruling heretofore made by this court that, since the trial court has sustained the motion for new trial and granted a new trial, it must appear affirmatively from the record that no brief of the evidence was filed.   The long line of decisions cited in the motion for rehearing are to the effect that a brief of the evidence is essential to a valid motion for new trial.   The ruling here made that it does not affirmatively appear from the record that no brief of evidence was filed, is not in conflict with the decisions which hold that the filing of a brief of evidence is essential to the validity of a motion for new trial.

In reply to the second proposition, that the certificate of the judge to the bill of exceptions, which recites certain portions of the record as material to a determination of the errors complained of, and which omits as a specification a brief of the evidence, amounts to a verification by him that no brief of the evidence was

filed, it is sufficient to say that, if he certifies to anything in this connection, he merely certifies affirmatively that the portions of the record specified are material to a clear understanding of the errors complained of. This could be a truism whether or not a brief of the evidence had been filed.

In reply to the third proposition, that the failure of the respondent to the motion to dismiss the motion for new trial to deny the allegation in the motion to dismiss that no brief of the evidence had been filed amounts to an admission of that allegation, it is sufficient to state that it does not appear affirmatively from the record that the respondent to the motion to dismiss failed to deny the allegations in this motion. It was ruled by this court in this case that, since the court sustained the motion for new trial, it must affirmatively appear that this motion was invalid by its affirmatively appearing that no brief of evidence was filed. If the failure of the respondent to reply to the motion to dismiss amounts to a consent to the truth of the allegations therein, it must necessarily, under this ruling of the court, affirmatively appear that the respondent failed to deny the allegations in the motion to dismiss. The following cases which hold that where a motion is made in the appellate court to dismiss the writ of error on mere factual grounds the alleged facts are taken as true on the failure of the respondent to the motion to deny these allegations, are not controlling as respects the third proposition of the plaintiff in error: *Kemp* v. *Colonial Trust Co.*, 147 *Ga.* 605 (95 S. E. 7) ; *Clements* v. *Wilkerson*, 151 *Ga.* 467 (107 S. E. 47) ; *Dill* v. *Taylor*, 160 *Ga.* 234 (127 S. E. 737) ; *Brooks* v. *Bishop*, 174 *Ga.* 254 (162 S. E. 781). On the authority of these decisions there might be some merit in the contention of the plaintiff in error if it appeared affirmatively from the record in this case that the respondent in the motion to dismiss the motion for new trial had failed to make any reply to the motion to dismiss.

Whether the admission of counsel in their briefs as to the state of the record in the lower court may be considered has been disposed of in the original opinion as written.

It is well settled as a rule of appellate practice that the record must affirmatively show error and that the court will search the record for the purpose of affirming a judgment. The court will look through the entire record, and if the record demands an

affirmance of the judgment it will be affirmed, irrespective of the agreements and contentions of counsel. Under the application of these two rules a judgment of affirmance is demanded. There is no merit in the motion for rehearing, or in the supplement thereto.

With the above added, on motion for rehearing, as a supplement to the opinion already rendered in this case, the motion for rehearing is denied. *Rehearing denied. Felton, J., concurs.*

SUTTON, J., dissenting. I think it does affirmatively appear from the record in this case that no brief of evidence was filed with the motion for new trial. Error is assigned in the bill of exceptions to the judgment of the court in overruling the defendant's motion to dismiss the plaintiff's motion for new trial, and the motion of the defendant to dismiss the plaintiff's motion for new trial is specified in the bill of exceptions as a part of the record to be sent up in the case, and the written motion to dismiss the plaintiff's motion for new trial was sent to this court as a part of the record in the case. Ground 2 of the motion to dismiss the plaintiff's motion for new trial is "that said motion for a new trial, as amended, be dismissed, for the reason that no brief of evidence has been filed in this case or waived." The bill of exceptions ends with the following statement and assignment of error: "And now within the time provided by law comes B. H. Cox, plaintiff in error, and assigning error on all of the rulings complained of, including the refusal of the court to sustain his motion to dismiss the motion for a new trial and the granting of a new trial, as being contrary to law, tenders this bill of exceptions and prays that the same may be certified, as provided by law, and transmitted to the Court of Appeals of the State of Georgia in order that the alleged errors may be considered and corrected." I think it clearly appears from the record in this case that no brief of evidence was ever filed with the motion for new trial, and in fact it is not even contended by counsel for the defendant in error that any brief of evidence was filed with the motion, but he undertakes to justify the judge in the grant of a new trial on the erroneous theory that the motion as amended was a motion to set aside the judgment instead of being a motion for a new trial, whereas the prayer in the amendment to the motion was that the *verdict* be set aside, a consideration of which necessarily requires a brief of the evidence. Of course, it is obvious from the record that this grant of a new

trial on such a theory can not be sustained, as pointed out in my dissent to the original opinion in this case. I am still of the opinion that it was error for the judge to grant a new trial. Therefore, I dissent from the decision of the majority of the court.