30169. KALIL *v.* SPIVEY.

DECIDED OCTOBER 26, 1943.

88

*T. V. Williams*, for plaintiff in error.   *D. C. Sapp*, contra.

GARDNER, J.   ■   While a motion to set aside a judgment may not be entertained in vacation, yet the petition to set it aside may be presented to the judge in vacation, and a rule nisi or notice may be issued, setting the hearing in term time.   The Supreme Court, in *Revels* v. *Kilgo*, 157 *Ga.* 39 (121 S. E. 209), dealt with this question under a state of facts similar in many respects to those of the instant case.   In the *Revels* decision the questions here presented were determined adversely to the contention of the defendant in error.   The Supreme Court said: "The judgment attacked in this case was one passed in term time, and, although passed in a proceeding begun in vacation, was not null and void for lack of jurisdiction of the judge to pass the same.   The hearing of the

motion being had, and the judgment being rendered in term time, made the proceeding a matter in term; and if the original proceeding was a bastard in the law, it was duly adopted by the judge in term time, and its legitimacy was thus fully established." In the present case the response to the rule nisi was admittedly made at the regular April term of the court. *Revels* v. *Kilgo,* supra, is also authority for holding that the motion to set aside the judgment in the instant case having been duly set down for hearing during the April term, but not finally disposed of until May 1 next thereafter, it is presumed, nothing affirmatively appearing to the contrary, that such order as was necessary to retain jurisdiction of the case was passed to extend the April term until May 1, the date of the judgment of which complaint is made. This point was raised in the *Revels* case, and the court said: "It can properly be presumed that all necessary and proper steps, including an order setting the hearing down in vacation, were taken at the August term of the court, on the principle that where a court of general jurisdiction has rendered a judgment, it is presumed, until the contrary is affirmatively shown, that the court had full jurisdiction in the premises and had before it all facts necessary to make the judgment valid and binding." In the instant case it does not affirmatively appear that such jurisdiction was not retained, but to the contrary it does affirmatively appear from the bill of exceptions that the judgment of May 1 was rendered during the April term. The bill of exceptions recites: "Whereupon the motion to set aside came on to be heard at the April term, on May 1st, 1943, of said city court of Douglas." On this same principle this court, in *Cox* v. *Bank of Ochlochnee,* 67 *Ga. App.* 854 (21 S. E. 2d, 485), said: "Error must affirmatively appear; and since error does not affirmatively appear, this court can not hold that the trial judge erred in granting a new trial on the ground that no brief of the evidence had been filed. Since the court passed on the motion for new trial and granted a new trial, in the absence of anything to the contrary there is a presumption in favor of the court's jurisdiction to entertain the motion for new trial and to pass on it."

■ It is contended, since the plaintiff in error filed a skeleton motion for a new trial (no brief of the evidence having ever been offered for approval), which was dismissed by the court on the ground that the movant had abandoned the motion for a new trial,

that the law would not permit her to file a motion to set aside the judgment. A motion for a new trial without a brief of the evidence is a nullity. In *Whitaker* v. *State,* 138 *Ga.* 139 (75 S. E. 254), the Supreme Court, in response to a question certified by this court, said: "There are many decisions of this court to the effect that a brief of the evidence is an indispensable statutory requisite to a valid motion for a new trial. In other words, if there is no brief of evidence, no motion for a new trial exists." Moreover, it is permissible to prosecute at the same time both a motion for new trial and a motion to set aside the judgment. *Turner* v. *Shackelford,* 43 *Ga. App.* 271 (158 S. E. 439) ; *Ezzard* v. *State,* 11 *Ga. App.* 30 (74 S. E. 551). The plaintiff in error was not precluded, for any reason shown, from prosecuting her motion to set aside the judgment.

■ It is provided in the Code, § 110-702, that a motion to set a judgment aside may be made for any-defect not amendable which appears on the face of the record or pleadings. Such motion shall be made within three years from the rendition of said judgment. § 3-702. The question to be determined here is whether or not the verdict in favor of Kelley Kalil had the legal effect of rendering void the verdict against the plaintiff in error. It is clear that the plaintiff in the trial court sought to establish liability of the plaintiff in error under the "family-purpose doctrine." It is a well-settled principle of law that where the liability of a principal, or master, to a third person is purely derivative, and depends entirely upon the principle of respondeat superior, a judgment on the merits in favor of the agent or servant is conclusive, and a judgment against the principal or master is unauthorized. In *Southern Railway Co.* v. *Harbin,* 135 *Ga.* 122 (68 S. E. 1103, 30 L. R. A. (N. S.) 404, 21 Ann. Cas. 1011), it was held that in an action against a railway company and its servants, to recover damages for the homicide of the plaintiff's son solely in consequence of the servant's misfeasance, where a verdict was returned, finding the servant not liable, but finding in favor of the plaintiff against the railway company, such a verdict should be set aside and a new trial granted.

"In this joint action against a railway company and its engineer and fireman, to recover damages for the homicide of the plaintiff's husband, the evidence demanded a finding that the only acts of negligence, if there were any such acts which were the proximate cause

of the homicide, were committed by the engineer and fireman. Therefore the verdict exonerating the engineer and fireman, but finding the railway company liable, was unauthorized." *Southern Railway Co.* v. *Nix,* 62 *Ga. App.* 119 (8 S. E. 2d, 409). It has been held by this court on numerous occasions that a principal is not liable for injury caused by the agent, if the agent is not liable. See *Roadway Express Co.* v. *McBroom,* 61 *Ga. App.* 225 (6 S. E. 2d, 460), and cit.

The petition in the suit for damages against the plaintiff in error in which her son and her husband were joined as parties defendant, alleged that their then minor son was driving the car with the express or implied permission of his parents, and that it was his negligence in operating the car that caused the damages for which the verdict was returned. Is the principle of master and servant, or of principal and agent, applicable in this case? "It is the practice of parents to provide for their children healthful and innocent amusements and recreations, and certainly it is as much the business of parentage to supervise and control the pleasures of their children as it is to give them nurture and education . . if a father or mother owning an automobile and keeping it to be used for the comfort and pleasure of the family, should authorize a son to drive it for the comfort or pleasure of the family, this would make the owner liable for the negligence of the son operating the machine for such purpose." *Griffin* v. *Russell,* 144 *Ga.* 275 (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994). "This principle, called variously 'family-purpose doctrine,' 'family-service rule,' 'family-automobile doctrine,' has been judicially considered in practically every State in the Union. . . Liability under this rule in Georgia and in other States is not founded on the existence of a family relationship, but upon the principles of the law of agency, or of master and servant. . . However, when the head of the family makes it his 'business' to entertain or furnish pleasure to members of his family, a liability arises under the law of principal and agent, and of master and servant. No hard and fast rule can be laid down to determine what is the 'business' or 'scope of employment' of a parent as applied to members of his family. See, in this connection, *Lacey* v. *Forehand,* 27 *Ga. App.* 347 (108 S. E. 247). It is now well settled in this State that where a parent maintains an automobile for

the comfort and pleasure of his or her family, a minor child operating the car for his or her pleasure is about the master's business, and the master is liable for injury occasioned by the minor child's negligent operation." *Kennedy* v. *Manis,* 46 *Ga. App.* 809 (169 S. E. 319), following *Griffin* v. *Russell,* (supra). This doctrine has been held to apply to a married woman who owns a car, where she allows her minor son to use her car, even though she is living with her husband. *Ficklen* v. *Heichelheim,* 49 *Ga. App.* 777 (176 S. E. 540). It is therefore clear that Margaret Kalil, the owner of the car which was being driven by her son at the time of the incident complained of, was the principal or master, and her son was her agent or servant, and acting within the scope of his employment, or on her business, in contemplation of the law; and under the allegations of the petition showing liability of the defendant to be dependent upon the alleged negligence of the agent, the only acts of negligence were committed by Kelley Kalil, the minor son, who was operating the automobile at the time of the collision and the ensuing damage to Allen Spivey; and under the authority of the decision in *Southern Railway Co.* v. *Grizzle,* 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191), the negligence alleged in the original suit constituted misfeasance upon the part of the mother's son, her agent and employee, and her codefendant. If he was guilty of the negligence alleged, his mother was, of course, liable upon the principle of respondeat superior. The mother herself was not and could not have been guilty of any negligence independently of the acts of misfeasance of her son. By the verdict Kelley Kalil (the son) was found not guilty of negligence causing the damages to the defendant in error; and where the codefendant was not and could not have been guilty as respondeat superior, we do not think that liability could be imputed to her where her employee or servant was exonerated when he alone performed the acts which constituted the basis for the charge of negligence. Since the jury completely exonerated Kelley Kalil, it automatically exonerated his mother, who was his master and employer. Therefore the verdict was repugnant in finding the servant not guilty, and the master guilty of the alleged negligence. The verdict against Mrs. Margaret Kalil was void, and the judgment based thereon could be attacked in a motion to set it aside. The court erred in overruling the motion.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*