33291. ELLISON *v.* STATE.

TOWNSEND, J. 1. "In this State the difference between an indictment and a special presentment has been abolished, with respect to the requirements of law in regard to trials under them, a mere technical distinction remaining that in an indictment the accusation is presented by a prosecutor, and in a special presentment it is preferred by the grand jury without a prosecutor. *Groves* v. *State*, 73 *Ga.* 205." *Barlow* v. *State*, 127 *Ga.* 58, 60 (56 S. E. 131). "An indictment not signed by the solicitor-general is not subject to attack by the accused because not so signed. Sufficient authentication of a paper, as an indictment by the grand jury, may be made by an entry thereon of the words 'True Bill,' signed by the foreman of that body." *White* v. *State*, 27 *Ga. App.* 769 (109 S. E. 917). "It would seem that the real entry which is necessary to give the paper authenticity as an indictment by the grand jury is the indorsement of that action upon the paper, signed by the foreman of that body." *Williams* v. *State*, 107 *Ga.* 721, 724 (33 S. E. 648). Accordingly, where the grand jury returns a " 'True Bill' signed by the foreman of that body," it is not ground for dismissal that the same was not signed by the solicitor-general, and the court here properly overruled the demurrer, motion to quash the indictment, and motion in arrest of judgment, all based on this ground. See also *Hillman* v. *State*, 67 *Ga. App.* 292 (1) (20 S. E. 2d, 91).

2. The verdict is supported by the evidence and, having the approval of the trial court, will not be disturbed by this court.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*

DECIDED DECEMBER 5, 1950.

*Lester Dickson,* for plaintiff in error.
*Roy Leathers, Solicitor-General,* contra.

DECIDED DECEMBER 5, 1950.