### 38006. DALTON *v.* THE STATE.

Townsend, Judge. 1. "Where the grand jury returns a true bill signed by the foreman of that body, it is not ground for dismissal that the same was not signed by the solicitor-general, and the court here properly overruled the demurrer, motion to quash the indictment, and motion in arrest of judgment all based on this ground." *Ellison v State,* 82 *Ga. App.* 760 (1) (62 S. E. 2d 407) and citations. It was accordingly no ground for plea in abatement in this case that the indictment was not signed by the solicitor-general, but was signed by the Solicitor of the City Court of Athens "acting as ass't. to Solicitor-General of Western Circuit" regardless of whether or not the solicitor of the city court was in any way empowered to act in such capacity. The signature and the designation is surplusage.

2. While an indictment must be returned into open court (*Sampson v. State,* 124 *Ga.* 776 (1), 53 S. E. 332, 4 Ann. Cas. 525)

it is not ground for quashing an indictment that the indictment is returned by the grand jury bailiff rather than the grand jury itself in the absence of allegations that the bailiff making the return was not the duly qualified officer of the grand jury or that the indictment was tampered with. *Danforth* v. *State*, 75 *Ga.* 614 (1) (58 Am. Rep. 480). However, "what the grand jurors could not legally do can not be done by the grand-jury bailiff." *Zugar* v. *State*, 194 *Ga.* 285, 289 (21 S. E. 3d 647). A grand jury after adjourning or recessing for the night, or for a stated time set by themselves, could return and deliver the indictment to the judge in open court; thus, the bailiff could do the same. After the grand jury is discharged by the court it could do no further act as such body, however, and it follows that the bailiff could not appear to deliver indictments in open court as a substitute for the grand jury after that body had been formally dispersed or adjourned by the court so that it would take an order of court to reconvene it. The ground of the plea in abatement here alleging that "the grand jury adjourned and turned over the indictment with others to its bailiff, who held them' overnight and then returned them into open court of the City Court of Athens the next day" fails to show whether the grand jury had been discharged by the judge or whether it had merely recessed its activities until a stated time on the next or some other day. Where the contrary does not affirmatively appear it is always to be presumed on appeal, to uphold the validity of the processes of the trial court, that that which was necessary to be done in order to retain jurisdiction of the subject matter has been done. *Kalil* v. *Spivey*, 70 *Ga. App.* 84 (27 S. E. 2d 475); *Lawson* v. *Haygood*, 202 *Ga.* 501 (43 S. E. 2d 649). It will accordingly be presumed that the grand jury had merely adjourned its business temporarily and had not been finally discharged, in which event it might have itself returned the indictment at a subsequent time into open court. In such event the action of the bailiff in so doing would be entirely regular. This ground of the plea in abatement was properly overruled.

3. The act creating the City Court of Clarke County which is now the City Court of Athens (Ga. L. 1878-1879, pp. 291, 297) provides in section 32 thereof that all cases in said court shall be tried upon written accusation. Section 2 of the act of 1894 (Ga. L. 1894, p. 210) specifically provided that the

defendant should have no right to demand an indictment by the grand jury. The act of 1958 (Ga. L. 1958, p. 2709) repealed section 2 of the act of 1894 and provided that in all criminal cases in said court the defendant should have the right to demand in writing an indictment by the grand jury of Clarke County returnable to the City Court of Athens. The defendant here made no such demand; consequently the State, under the terms of the act creating this court, had no right to try the defendant on this particular charge in the court in any other way than that provided by statute, that is, on written accusation. The fact that the defendant had been bound over to the City Court of Athens on a bastardy proceeding by a justice of the peace has no effect on this situation since, until either an accusation or indictment is properly issued, the fact that the defendant is so bound over does not constitute a pending case. *Williamson* v. *State*, 1 *Ga. App.* 657 (57 S. E. 1079). What is said here would have no reference to cases where an indictment is returned to the superior court of the county in which the grand jury finding a true bill is convened, and such indictment is thereafter transferred to another city or county court having jurisdiction over the matter, since the indictment here was returned in open court directly to the City Court of Athens, which is the procedure provided for in the act of 1958 amending the act creating the court.

The trial court erred in overruling the defendant's plea in abatement and thereafter proceeding to trial on the merits of the case.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED NOVEMBER 18, 1959.

*Joseph J. Gaines, Vane G. Hawkins,* for plaintiff in error.
*Preston M. Almand, Solicitor,* contra.