9015.  DOUGHERTY *v.* WOODWARD.

1.  The owner of an automobile is not liable for injuries inflicted by his son, twenty years of age, in negligently operating it, where it appears that at the time of the injuries the son was using the car for his own purposes, and not as the agent or servant of the father.

2.  The trial judge, under the facts appearing in the record, did not err in directing a verdict in favor of the defendant.
DECIDED DECEMBER 13, 1917.

Action for damages.    Before Judge Bell.    Fulton superior court.    May 31, 1917.

Mrs. Dougherty sued Woodward for the financial value of the life of her son, alleged to have been killed by the defendant's son in the negligent operation of defendant's automobile.   It is alleged in her petition that "defendant's son at said time and place drove defendant's automobile, and the other occupant of the automobile was defendant's wife, and the automobile at said time and place was operated for and in behalf of defendant, and in the furtherance of his interest."   By amendment it was alleged: "Said automobile was owned by the defendant and was for the use of his family, and each member of his family, and for his family collectively in their recreation and for their pleasure, and for the purpose of transporting the members of his said family from place to place for any purposes which the said members of his family wanted to use said car for, and as they desired, and said car was so used by the different members of the defendant's family, and at said time and place the said defendant's automobile had in it, as occupants, two members of defendant's family, and said automobile was being used in transporting the wife of the defendant, and was being driven by the defendant's son, and was being used by the son and the wife of the defendant for one of the purposes for which said automobile was kept by the defendant."   After the conclusion of the evidence for plaintiff and defendant the court directed a verdict in favor of the defendant, to which ruling the plaintiff excepted.   So much of the evidence as is material to an understanding of the case is given in the opinion, infra.

*Nalley & Scott,* for plaintiff.   *Moore & Branch,* for defendant.

HARWELL, J.   (After stating the foregoing facts.)   It is not necessary to consider the allegations or the proof as to the acts of negligence charged to the defendant's son, the value of the life of plaintiff's deceased son, or any other circumstance save that of the agency of the son in driving the defendant's car, which feature we deem controlling upon the case.   The evidence was in sharp conflict as to whether the car, driven by the defendant's son at the time of the injury, was the property of the defendant or his wife, and would have authorized either conclusion.   However, conceding that the car was the property of the defendant and was being negligently driven by his son, the

father would still not be liable, unless the son, in driving the car, was in the performance of his father's business. "It may be taken as settled law in this State that a father is not liable for the tort of a minor child, with which he was in no way connected, which he did not ratify, and from which he did not derive any benefit, merely because of the relation of parent and child. . . A child, however, may occupy the position of a servant or agent of his parent, and for his acts as such the parent may be liable under the general principles governing the relation of master and servant, or principal and agent." *Griffin* v. *Russell,* 144 *Ga.* 275, 278 (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994). And, as said by the New York court: "The liability of an owner of a *motor-car for the negligence of one driving it in his absence depends upon whether the relation of master and servant existed at the time. It must be shown that at the time of the injury the* driver was within the control of the owner, or executing his orders, or doing his work. An owner who allows his son, twenty years of age, to drive such vehicle at his pleasure is not liable for injuries received by his negligence when the owner was not present, and the son was not acting for him but was driving the car for his own purposes." Maher *v.* Benedict, 123 App. Div. 579 (108 N. Y. Supp. 228). The evidence in the present record shows that the defendant's son on the occasion of the injury was using the car on his own behalf and in connection with his own business, being at the time of the injury on his way home from inspecting some property he contemplated buying. There is no evidence in the record showing that the automobile was owned and kept by his father for the purpose for which it was being used at the moment of the injury. It is true that his mother was in the car with him, but she went with him at his own request and in order to give him the benefit of her judgment in regard to the property. The evidence is not sufficient to show that the automobile was driven by the son as the chauffeur of his father and about his father's business. It shows, on the other hand, that the son, though a minor, lacked only a few months of being twenty-one years of age, and was in the naval service of the United States government, and was on this occasion at home on his vacation, and was using the automobile for his own personal business purposes, and even without the knowledge of his father.

Nor do we think that the father, by his expressions of sympathy to the bereaved family and his statements to the mother of the deceased that "he would do the right thing by her," and would do his Christian duty in the matter, amount to a ratification of the tort or to an acknowledgment of his liability therefor. It does not appear that the father was charged with liability for the injury and failed to deny liability, or that he offered his assistance to the bereaved mother in a spirit of compromise; but his statements seem to have been made only in a spirit of benevolence, and without any admission of legal liability. For these reasons we think that the jury would not have been authorized to return a verdict in the plaintiff's favor, and that the court properly directed a verdict in favor of the defendant.

*Judgment affirmed. Bloodworth, J., concurs. Broyles, P. J., concurs dubitante.*