## 12312. LACEY v. FOREHAND.

A minor son, while driving an automobile belonging to his father, collided with and damaged the automobile of the plaintiff. The evidence presented an issue for the jury, as to whether at the time of the accident the son was acting, expressly or by implication, for his father and within the scope of his father's business. The judgment of nonsuit was erroneous.

         DECIDED AUGUST 3, 1921.

Action for damages; from city court of Oglethorpe — Judge Greer. January 28, 1921.

*Jere M. Moore, John B. Guerry,* for plaintiff.
*Gilbert. C. Robinson,* for defendant.

HILL, J. This case is here on exceptions to a judgment awarding a nonsuit. The facts, substantially stated, are as follows: The defendant was the owner of an automobile. He could not drive it himself, but his wife and his son, eighteen years of age, when the defendant desired to use the car in his general business, acted as his chauffeur, driving the car for him; and his business included his "going to town with his wife or son driving or attending to his business." This car, while being driven by his son, collided with the plaintiff's car, causing the injuries for which the suit was brought. The collision occurred while the car was coming from the town of Montezuma to the defendant's home, about three and a half miles away. The son had been away from home and was on his way back home. The defendant did not know that his son was returning home, and was absent himself

from home at the time. His wife, who did know that the son was returning home that night, took the car in question to Montezuma for the purpose of meeting the son and bringing him home, and when returning home she turned the car over to him to drive home, sitting by his side on the front seat. There were other companions with the son, riding in the car. While the defendant did not know that the son was coming home that night, he recognized that it was his duty as parent to have him brought home from Montezuma, and that the use of the car by his wife for the purposes stated, while without his knowledge, was " all right," and it was " all right " for his son to drive the car on the occasion in question. At the conclusion of the evidence a nonsuit was granted, on the ground that the relation of master and servant, or of principal and agent, between the father and the son did not prima facie appear so as to create a liability against the father for the tort of the son. It is well established that such a relationship must appear in order to create a liability for the tort of a minor child.

The controlling question in this case is fully and exhaustively considered by the Supreme Court in the case of *Griffin* v. *Russell,* 144 *Ga.* 275 (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas, 1917D, 994). In that case Justice Lumpkin, speaking for the court, stated that " it may be taken as settled law in this State that a father is not liable for the tort of a minor child with which he was in no way connected, which he did not ratify, and from which he did not derive any benefit, merely because of the relation of parent and child;" and that ruling is in accord with the decisions of this court in the cases of *Schumer* v. *Register,* 12 *Ga. App.* 743 (78 S. E. 731), and *Quinn* v. *Neal,* 19 *Ga. App.* 484 (91 S. E. 786). Although these decisions of this court may seem to conflict with that of the Supreme Court, supra, a careful consideration of the facts of the cases shows that the conflict is simply apparent; the cases are distinguishable on the facts, and the legal conclusions are entirely harmonious. These decisions are also in harmony with the decisions of other courts involving the same question. Any seeming conflicts in the decisions arise from differences in construing and applying the rule that a master is liable for negligence of the servant only when the servant is " acting in the scope of his employment;" there being some differences

in the opinions as to what was an act within the scope of the servant's employment, or what was an act in regard to the master's business, and what was comprehended by the term "business." The relation of agent or servant frequently arises by implication as well as expressly. As stated in the Civil Code (1910), § 3569: "The relation of principal and agent arises whenever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf." The word "business" is commonly employed in connection with an occupation for livelihood or profit, but it is not limited to such pursuits. And the fact that an agency is not a business agency, or the service of a servant or minor child is not remunerative service, does not illustrate the question as to liability devolving upon the master or parent for the tort of either the servant or the minor child. In the case of *Griffin* v. *Russell,* supra, the Supreme Court extended this relationship of agency to apply to the act of a parent who had furnished an automobile for the comfort and pleasure of himself and family. Some of the cases cited by 'Justice Lumpkin, in his exhaustive review of the question in that case, throw considerable light on the question now under consideration by this court and make a very wide and elastic application of the relationship or agency which must exist between parent and child, or master and servant, in order to give rise to a liability on the part of the former for the tort of the latter.

In Lashbrook *v.* Patten, 1 Duv. (Ky.) 316, a minor son, while driving his two sisters to a picnic in his father's carriage, drawn by his father's horses, and with his father's approbation, all of the children being members of his father's family, through negligence ran against the carriage of another, causing damage. The Court of Appeals said: "The son must be regarded as in the father's employment, discharging a duty usually performed by a slave, and therefore must, for the purposes of this suit, be regarded as his father's servant." In the case of Stowe *v.* Morris, 147 Ky. 386 (144 S. W. 52, 39 L. R. A. (N. S.) 224), a motorcar was kept by a man for the comfort and pleasure of his family, including a minor son and a daughter as members of it. They had the right to use it as often as and when they liked. On the occasion in question the son took the car at his own volition, and at his suggestion carried his sister and three other ladies for a

ride. While he was driving the machine he carelessly ran down and injured a boy on a bicycle. The father was held liable on the ground that, the machine having been provided for the comfort and pleasure of the family, and the son having been given the right to use it, the son was to be treated as the servant of his father when operating it (though without a special permission on that occasion) for the entertainment of his sister and her friends, and in the use of the car for that purpose the son was not performing an independent service of his own, but was carrying out what, within the spirit of the matter, was the business of the father. See also the case of McNeal *v.* McKain, 33 Okla. 449 (126 Pac. 742, 41 L. R. A. (N. S.) 775), and the case of Birch *v.* Abercombie, 74 Wash. 486 (133 Pac. 1020, 50 L. R. A. (N. S.) 59). In the latter case the court in its opinion said: " It seems too plain for cavil that a father who furnishes a vehicle for the customary conveyance of the members of his family makes their conveyance by that vehicle his affair, — that is, his business, — and any one driving the vehicle for that purpose with his consent, express or implied, whether a member of his family or another, is his agent." Other decisions on the same line are cited by Justice Lumpkin in *Griffin* v. *Russell,* supra. The conclusion which is arrived at — and we think it is a sound one — is that the scope of the employment is necessarily dependent on the circumstances, and that no hard and fast rule can be laid down, but that it is ordinarily a question for the jury whether or not a particular act falls within the scope of the servant's employment or that of a minor child.

In the present case the facts admitted by the defendant show that the bringing of his minor son home was regarded by him as a part of his parental duty, and for that purpose he made the furnishing of the automobile his affair; in other words, it was the means which he adopted for the performance of his duty. His wife, according to his evidence, was authorized to use the car whenever she desired. This, it would seem, would give her an implied permission to take the car and go to Montezuma for the purpose of bringing the son home. In that act she was acting as an agent of her husband, and in allowing the son to drive the car she did not extend her agency beyond its legitimate scope. Considering this fact, in connection with the testimony of the

father that both the son and the wife were permitted to use the car whenever they desired it, the conclusion inevitably follows that the son, on the occasion in question, in driving the car home, was fully authorized to do so, if not expressly on that occasion, yet by implication; and we conclude that these facts should have been submitted to the jury, in order that it might be determined whether or not the son was, on the occasion in question, engaged in the business of his father.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*