WAY v. GUEST. (No. 1747.)

(Court of Civil Appeals of Texas. El Paso. April 23, 1925.)

1. Parent and child ⬤⟶13(2)—Burden on plaintiff to show defendant's automobile was being driven by his minor daughter with his express or implied consent.

To recover damages by collision between plaintiff's automobile and one driven by defendant owner's minor daughter, burden was on plaintiff to show that daughter was driving with defendant's express or implied consent.

2. Parent and child ⬤⟶13(2)—Refusal of directed verdict for defendant, on uncontradicted evidence that minor daughter was driving his car without his consent, held error.

In action for damages by collision between plaintiff's automobile and one driven by defendant owner's minor daughter, where latter's testimony, as plaintiff's witness, that she was driving car without parents' consent was uncontradicted, and parents testified to same effect, court erred in refusing peremptory instruction for defendant.

**3. Appeal and error ⬉1175(5) — Appellate court's duty to render judgment trial court should have rendered.**

Where trial court should have entered judgment for defendant on uncontradicted evidence, it is appellate court's duty to do so on appeal from judgment on verdict for plaintiff.

Appeal from Mitchell County Court; J. C. Hall, Judge.

Action by Nell Guest against C. E. Way. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Thos. J. Coffee, of Colorado, Tex., for appellant.

W. H. Garrett, of Colorado, Tex., for appellee.

PELPHREY, C. J. The appellee brought this suit in the county court of Mitchell county, Tex., against appellant, to recover damages alleged to have been due to a collision between an automobile owned by appellee and one owned by appellant. At the time of the collision appellee's car was being driven by one Bennett Scott, and appellant's car by his minor daughter, Dimples Way. There were no occupants, other than the respective drivers, in either car at the time of the collision. As agreed by the parties, the collision occurred on the 19th day of September, 1923, within the corporate limits of the city of Colorado, Tex., at the intersection of Elm and Fourth streets. The case was tried before a jury on amended pleadings by both parties.

The jury found for the plaintiff in the sum of $285, upon which verdict judgment was rendered by the court for said sum, and from said judgment appellant has appealed.

Appellant, in 15 assignments of error, complains of the court's action in the admission of certain testimony; its refusal to peremptorily instruct a verdict for appellant, and the overruling by the court of his special exception to the petition of appellee.

For the sake of brevity we will first consider appellant's sixth assignment of error. The appellant requested the court to give to the jury the following instruction: "We, the jury, find for the defendant;" appellant contending as a reason therefor that the undisputed evidence showed that Dimples Way was driving the car of appellant at the time of the collision without the knowledge or consent of either appellant or his wife, and in the face of instructions from the appellant not to do so, and that such being the case there was no evidence upon which to base a verdict for plaintiff.

Dimples Way being called as a witness for plaintiff testified as follows:

"My name is Dimples Way. I reside in Colorado, Tex., and live with my parents, Mr. C.

E. Way, the defendant herein, and my mother, Mrs. C. E. Way. I am now 15 years of age, was 15 years old last November. I remember the collision with Miss Guest's car. I was driving my father's Franklin car. I did not see the Ford coupé until within a few feet of it. I learned to drive a car about three years ago. I have driven my father's car several times when my father or mother or both of them were in the car with me. I had taken it out two or three times by myself in the last 12 months preceding the collision. I have also driven other cars. My father did not allow me to drive the car. He did not say anything about it to me this time, because he did not know I took it. My mother told me to go mail a letter. My mother did not tell me to take the car. My father was at home when I left, but I did not know it at the time."

As said by the court in Allen v. Bland (Tex. Civ. App.) 168 S. W. 35, "The authorities are not in accord upon the question of the liability of a parent for permitting his minor child to operate an automobile when damages result to the person of another, by reason of the tort of the minor," but there apparently is no conflict in the decisions as to the parent not being liable for the tort of his minor child when the child operates the automobile of the parent without his consent and contrary to his instructions.

Ball v. Youngblood (Tex. Civ. App.) 252 S. W. 872 (writ of error refused), in which this court held that the court should have instructed a verdict for the defendant, where there was no evidence that the minor was driving the car as agent of the father, and the positive evidence showed that he had positive orders not to drive it.

In Dougherty v. Woodward, 21 Ga. App. 427, 94 S. E. 636, it was held that the owner of an automobile is not liable for injuries inflicted by his son, 20 years of age, in negligently operating it, where it appears at the time of the injuries the son was using the car for his own purposes, without his father's knowledge.

In Sultzbach v. Smith, 174 Iowa, 704, 156 N. W. 673, L. R. A. 1916F, 228, it was held that the owner of an automobile is not liable for injury done by it when negligently driven at night by his minor son, who had taken the car for a purpose of his own, without his father's knowledge and against his express command, although the father permitted the son to use the car at certain times, and had known of his taking it at forbidden times. Johnston v. Cornelius, 193 Mich. 115, 159 N. W. 318; Linville v. Nissen, 162 N. C. 95, 77 S. E. 1096; Kitchen v. Weatherby, 205 Ill. App. 10.

[1, 2] It is our opinion that the burden was on appellee to show that the car of appellant was being operated at the time of the collision by Dimples Way, with the consent, either express or implied, of appellant, before she would be entitled to recover

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

from him for any damages she might have sustained. The appellee having proved by Dimples Way, her own witness, the lack of such consent, and there being no testimony contradicting that evidence, and no circumstances proved which would tend to contradict, and the father and mother each having testified that the daughter had taken the car out without their knowledge or consent, and the further testimony of the mother that she expected the daughter to go to town to mail the letter with the neighbor's children in their car as she usually did, we must conclude that the evidence was wholly insufficient to show any liability on the part of appellant, and that the court erred in refusing to peremptorily instruct a verdict for appellant.

[3] The court should have entered judgment for appellant, and it therefore becomes the duty of this court to render the judgment here which should have been rendered in the trial court. On account of the above holding we deem it unnecessary to discuss the other assignments.

Reversed and rendered.