## 20864. BRYANT *v.* KEEN.

Decided April 20, 1931.

*J. A. McFarland,* for plaintiff in error.
*Mitchell & Mitchell,* contra.

Jenkins, P. J. While the petition charges that when the defendant desired to use the automobile, being unable to drive it himself, his daughter, or her husband, acted as his chauffeur, there is no allegation that at the time of the injury to the plaintiff the son-in-law, who was driving the car, was acting in the capacity of a chauffeur, and that at such time he was acting within the scope of any employment as a chauffeur. Accordingly, the cause of action, if any exists against the defendant, must necessarily fall within the doctrine enunciated by the Supreme Court in *Griffin* v. *Russell,* 144 *Ga.* 275 (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994), wherein it was held that the head of a family, who kept and maintained an automobile for the comfort, pleasure, and convenience of the members of her family, was liable for an injury resulting from the negligence of her minor son, while operating the automobile, with the knowledge and consent of the owner, for his own pleasure, and thus in pursuance of the purpose for which it was kept and maintained by the mother. In that case the Supreme Court recognized that the liability of a parent for the tort of a minor child, under the law of this State, is that of a master for the tort of a servant while engaged in the master's business and in the scope of his employment, the theory upon which the parent was in that case held liable being, as set forth by the Supreme Court, that "if she kept the automobile to be used for the comfort and pleasure of her family, including her minor son as a member thereof, such use was her business or affair within the meaning of the rule of law

discussed above." The rule stated in that case has been confined by this court to the use of such an automobile, maintained by a father for the comfort and pleasure of the family, in pursuance of the purpose for which it is kept and maintained; and in *Dougherty v. Woodward, 21 Ga. App.* 427 (94 S. E. 636), it was held that the father was not liable for the negligence of a minor son, a member of the family, while using an automobile kept for the comfort, convenience, and pleasure of the family upon a particular business errand of the son. See also *Espy* v. *Ash, 42. Ga. App.* 418 (156 S. E. 474). The rule adhered to in this State, as announced in the *Griffin* case, supra, would, as stated in Denison *v.* McNorton, 228 Federal 402, 142 C. C. A. 631, seem to rest upon the view that "where a father provides an automobile for the purpose of furnishing members of his family with outdoor recreation, the use of the car for such purpose is within the scope of the father's business analogously to the furnishing of food and clothing or ministering to their health."

We do not think that the word "family," under the rule adopted by the Supreme Court of this State, could be taken to include a son-in-law, although he might live in the house with his father-in-law. The son-in-law is not a member of the father-in-law's family; neither, for that matter, is the daughter after she becomes the son-in-law's wife. There is no obligation on the part of the father-in-law to furnish food, clothing, or anything else to the son-in-law or the son-in-law's family. The duties and obligations which a husband and father owes to his wife and minor children are entirely lacking. The son-in-law is the head of his own family, attaining that status by virtue of his marriage to the daughter. *Brunswick Light &c. Co.* v. *Gale,* 91 *Ga.* 813 (18 S. E. 11).

There is no effort made to charge the defendant with negligence in permitting the son-in-law to drive the car, and since we do not think the ruling in *Griffin* v. *Russell,* supra, can be extended to the present case, we hold that the court should have sustained the demurrer and dismissed the petition.

*Judgment reversed. Stephens and Bell, JJ., concur.*