## 21802. MITCHELL *v.* MULLEN *et al.*

JENKINS, P. J. This was a suit on account of personal injuries alleged to have been sustained in a collision between an automobile driven by the plaintiff, a married woman, and one driven by the minor son of one of the defendants. That defendant, his son, his wife, and his mother-in-law were joint defendants. The plaintiff, by amendment, struck the mother-in-law as a defendant, and the court granted a nonsuit as to the wife. The jury found in favor of the plaintiff as against the father and the son. The father filed a motion for a new trial, and now excepts to the order overruling the motion, the remaining defendants being made parties to the writ of error.

1. It was alleged in the petition that the automobile in question was being negligently driven by the defendant's minor son, who was under the age of sixteen; that the automobile in question was kept and maintained by the other defendants for the use, pleasure, and comfort of the family; that the driver of the car was known by the owners thereof to be a reckless and incompetent driver, and was permitted to use and drive the automobile in violation of law. Accordingly, a cause of action good as against general demurrer was set forth as against the defendant father of the driver of the automobile.

(a) In view of the fact that the plaintiff voluntarily dismissed the suit as to one of the remaining defendants, and the court granted a nonsuit in favor of another of the defendants, to which action no exception was taken, leaving the case to proceed against the father and the minor son, who were properly joined in the action, it is not necessary to pass upon the ground of the special demurrer raising the question that there was a misjoinder of the defendant father and the two defendants who are no longer parties in the case.

2. The only testimony offered to establish the reputation of the defendant's minor son, the driver of the automobile, as a reckless driver was from two witnesses who were questioned in this respect, and both of whom testified that they did not know the reputation of the son for reckless driving. Since there was no testimony going to show that the son was a reckless driver, or going to show that the defendant father had knowledge that the son was a reckless driver, it was error to instruct the jury that if the owner of an automobile, "knowing the reckless character of his minor son for driving said car, authorizes or permits him to use said car, the owner of said car is liable for any injury or damage done to another by his minor son where it is negligently done." The charge as given was subject to the criticism made of it, that it was unauthorized

by the evidence and was necessarily and inherently harmful and prejudicial to the defendant.

3. "In the absence of any consent or agreement, either express or implied, on the part of a husband, that the earnings of his wife shall be retained by her as her separate estate, they belong to him. *Roberts* v. *Haines*, 112 *Ga.* 842 (38 S. E. 109). There was no testimony whatever going to establish any consent by the husband of the plaintiff that she should retain her earnings as her separate estate. Accordingly, she was not entitled to recover on account of loss of earnings resulting from the injury, and it was error to instruct the jury to consider such element of damage. It can not be said that the error was harmless, since we are unable to say that the jury did not consider such element of damage in arriving at the amount of its verdict. See, in this connection, *Seaboard Air-Line Ry. Co.* v. *Brewton*, 150 *Ga.* 37 (3) (102 S. E. 439); *West* v. *Moore*, 44 *Ga. App.* 214 (3) (160 S. E. 811).

4. The "family-purpose doctrine" enunciated by the Supreme Court in *Griffin* v. *Russell*, 144 *Ga.* 275 (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994), wherein it was held that the head of a family, who kept and maintained an automobile for the comfort, pleasure, and convenience of the members of her family, was liable for an injury resulting from the negligence of her minor son while operating the automobile with the knowledge and consent of the owner, for his own pleasure, and thus in pursuance of the purpose for which it was kept and maintained by the mother, has been restricted by this court to members of the family of the owner of the automobile. *Bryant* v. *Keen*, 43 *Ga. App.* 251 (158 S. E. 445). The doctrine cannot be extended so as to bring within its operation an automobile not kept and maintained by the head of the family for the comfort, pleasure, and convenience of the members of his family. 42 C. J. 1082, § 839. In the instant case, although the petition alleged that the automobile which was being driven by the defendant's minor son was a "family-purpose" car, kept and maintained by the father of the driver for the comfort, pleasure, and convenience of the members of the family, and while the testimony established the fact that the car which collided with the plaintiff's car was a "Dodge" automobile, and that the defendant owned a "Dodge" touring car, it appeared, without dispute, from testimony by the son and by the mother on behalf of the defendant, that the car which was being driven on the occasion of the injury to the plaintiff was a "Dodge" sedan, which did not belong to the defendant father, but was the property of the boy's grandmother. Accordingly, it was error for the court to give in charge to the jury the rule laid down in *Griffin* v. *Russell*, supra. The fact that the defendant's minor son, in using the automobile of the defendant's mother-in-law on the occasion in question did so with the knowledge and consent of the defendant's wife, and on an errand for the purchase of groceries for the defendant's wife, would not bring the use of an automobile which was not the property of the defendant, and which it is undisputed he did not furnish for the comfort, pleasure, and convenience of the family, within the family-purpose doctrine stated. In this respect, the case differs from that of *Lacey* v. *Forehand*, 27 *Ga. App.* 344 (108 S. E. 247), where the automobile which the defendant's minor son was operating was a car furnished by the defendant for the comfort, pleasure, and convenience

of the family, and which the defendant's wife was authorized to use whenever she desired, and which, on the occasion of the injury to the plaintiff in that case, was being driven by the defendant's minor son at the express direction of the defendant's wife, and on an errand which was within the purpose for which the car was furnished.

5. The court charged the jury that "if the plaintiff, by the exercise of ordinary care for her own safety, after she knew of or discovered the alleged negligence of the defendant driver, could have avoided the consequences of such negligence, then she can not recover." In this case there was an issue not only as to whether the plaintiff might have avoided the consequences of the alleged negligence of the defendant after it had been actually discovered, but also as to whether she might have avoided the consequences of the defendant's negligence after plaintiff could, in the exercise of ordinary care, have discovered defendant's negligence, whether actually cognizant of it or not. Accordingly, the charge was subject to the criticism made of it that it unduly restricted the duty of the plaintiff to exercise ordinary care for her own safety to a time after she had actually discovered the negligence of the defendant. *Georgia Railway & Power Co.* v. *McElroy*, 36 *Ga. App.* 143 (136 S. E. 85).

6. For the reasons stated in the foregoing divisions of the syllabus, the court erred in overruling the defendant's motion for a new trial. Since the evidence may not be the same on another trial, the general grounds are not dealt with, nor are the remaining special assignments of error, since they relate to questions not likely to arise on another trial.

*Judgment reversed. Stephens and Bell, JJ., concur.*

Decided May 12, 1932.