22736.  KENNEDY *v.* MANIS *et al.*

Decided May 3, 1933.

*Mann & Mann,* for plaintiff.
*Mitchell & Mitchell,* for defendants.

Guerry, J.  Suit was filed against Tom Manis and his daughter, Lucile Manis.  The petition alleged that "Tom Manis on the 9th day of January, 1932, and prior thereto owned a certain Chevrolet automobile which was maintained by him for the purpose of driving himself and for his family's convenience, use, and pleasure, and that his said daughter, Lucile, who was single and living at the home of her father, and was a member of the family accustomed to drive said car, operated said car by and with the knowledge and consent of her father, Tom Manis, on the 9th day of January, 1932, and that while operating such car on such date she negligently ran into and damaged petitioner in a named manner and amount."  The petition was demurred to on the ground that no cause of action was set forth against Tom Manis.  The court sustained the general demurrer and dismissed the petition as to Tom Manis, and the plaintiff excepted.

The question is presented whether the allegations of the petition were sufficient to show that Lucile Manis was operating the car for her own pleasure as a member of the family of Tom Manis when the accident occurred.  The other and main question is whether, under the family-purpose doctrine as laid down in the case of *Griffin* v. *Russell,* 144 *Ga.* 275 (87 S. E. 10, L. R. A. 1916F, 216, Ann.

Cas. 1917D, 994), a father is liable for the actions of an *adult* daughter, single and living at the home of her father and a member of his family, accustomed to drive such family car, where injury to a third person results from the operation of the car by her. It was held in that case that where a parent kept an automobile for the comfort and pleasure of his or her family and allowed a *minor* son to drive the same for the comfort and pleasure of himself and friends riding with him, the parent was liable for injury to third persons caused by the negligence of the minor child in the operation of the car; and the Supreme Court quoted approvingly this language: "It is the practice of parents to provide for their children healthful and innocent pleasures, amusements and recreations, and it is as much the duty of parentage to supervise and control the pleasure as it is to give them nurture and education." This principle, called variously "family-purpose doctrine," "family-service rule," "family-automobile doctrine," has been judicially considered in practically every State in the Union. Liability under this rule in Georgia and in other States is not founded on the existence of a family relationship, but upon the principles of the law of agency, or of master and servant. Quoting from the *Griffin* v. *Russell* case again: "It may be taken as settled law in this State that a father is not liable for a tort of a minor child, with which he was in no way connected, which he did not ratify, and from which he did not receive any benefit, merely because of the relation of parent and child." However, when the head of the family makes it his "business" to entertain or furnish pleasure to members of his family, a liability arises under the law of principal and agent, and of master and servant. No hard and fast rule can be laid down to determine what is the "business" or "scope of employment" of a parent as applied to members of his family. See, in this connection, *Lacy* v. *Forehand*, 27 *Ga. App.* 347 (108 S. E. 247). It is now well settled in this State that where a parent maintains an automobile for the comfort and pleasure of his or her family, a *minor* child operating the car for his or her pleasure is about the master's business, and the master is liable for injury occasioned by the *minor* child's negligent operation.

Does this principle apply to an *adult* single daughter or son living with parents as a member of the family? We think so. The point has never been specifically decided by the courts of this State.

In the case of *Bryant* v. *Keen*, 43 *Ga. App.* 251 (158 S. E. 445), this court said: "The rule stated in this case has been confined by this court to the use of such an automobile maintained by a father for the comfort and pleasure of the family in pursuance of the purpose for which it is maintained and kept. . . We do not think the word *family*, under the rule adopted by the Supreme Court of this State, could be taken to include a *son-in-law*, although he might live in the house with his father-in-law. The son-in-law is not a member of the father-in-law's family; neither is the daughter after she becomes the son-in-law's wife." It is impliedly held in that opinion that a single son or daughter living as a member of the family is within the rule. 42 C. J. 1083, says: "The family-purpose doctrine applies only to acts of members of families for whose use the vehicle is furnished and who are permitted by the owner to use it. Subject to these considerations, it has been applied to the acts of an adult child as well as a minor child. . . But not to . . a brother-in-law or to an adult step-son although living in the same house." In the case of Gates *v.* Mader, 316 Ill, 313, it was said: "The family-car doctrine has been applied to a son 24 years old employed and living away from home and visiting his parents once a week." In the case of Lynch *v.* Dobson, 108 Neb. 632, it was said: "Where a son living at home with his parents is supported there, and is subject to parental control as a member of the family, the fact that he is over twenty-one years of age does not alter the rule that a father furnishing an automobile for the pleasure of his family is liable for the negligence of the son while driving it for his own pleasure." In Birch *v.* Abercrombie, 74 Wash. 486 (133 Pac. 1020, 50 L. R. A. (N. S.) 59), quoted approvingly in *Griffin* v. *Russell,* cited above, a man and wife owned an automobile which was purchased and kept for the use of the family, and it was customary for the members of the family to drive it at their pleasure. On a certain day when the man and wife were absent from home the daughter entertained a number of friends at luncheon. In taking them home in the automobile she negligently injured a woman on the highway. The injured woman sued for damages and the jury found for the plaintiff against both the girl and her parents; and the Supreme Court in that case said: "It seems too plain for cavil that a father, who furnishes a vehicle for the customary conveyance of the members of his family, makes their

conveyance by that vehicle his affair,—that is, his business,—and any one driving the vehicle for that purpose with his consent, express or implied, whether a member of his family or another, is his agent." And again it was said: "We think that both on reason and authority the daughter in the present instance should be held the agent of her parents in the use of the automobile. Any other view would set a premium upon the failure of the owner to employ a competent chauffeur to drive an automobile kept for the use of the members of his family, even if he knew that they were grossly incompetent to operate it for themselves. The adoption of a doctrine so callously technical would be little short of calamitous." It would seem that in the above case the daughter was an adult, and the court held that the parent was liable because of the fact that she was a member of the parent's family and that the automobile was furnished for her use and convenience. Further in the same opinion it was said: "It was in every just sense being used in his business by his agent. There is no possible distinction, either in sound reason, sound morals, or sound law, between her legal relation to the parent and that of a chauffeur employed by him for the same purpose. The fact that the agency was not a business agency, nor the service a remunerative service, has no bearing upon the question of liability. McNeal v. McKain, 33 Okl. 449 (126 Pac. 742, 41 L. R. A. (N. S.) 775). In running his vehicle she was carrying out the general purpose for which he owned it and kept it. No other element is essential to invoke the rule of respondeat superior."

The allegations of this petition show that on the day the injury occurred Lucile Manis was operating the car provided by her father, Tom Manis, for her pleasure, with his knowledge and consent, it being the car which he had provided for his family convenience, use, and pleasure. Under the decisions above quoted these allegations were sufficient to withstand a general demurrer, and the court below erred in sustaining the demurrer and dismissing the petition.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*