### 23546. FICKLEN v. HEICHELHEIM.

SUTTON, J. 1. A married woman owning an automobile as her separate property, which she permitted to be used by the different members of the family for the family comfort and pleasure, is liable for the negligence of her minor son in driving such automobile, with her knowledge and consent, for the purpose of going on a picnic and carrying some of his friends. *Griffin* v. *Russell,* 144 *Ga.* 275 (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994).

2. A married woman owning an automobile as her separate property, which she allows members of the family to use for family purposes, may be liable for the negligent driving of such automobile by her minor son, under the "family-purpose doctrine," even though she is not the head of the family, but her husband is living with her and also owns an automobile which is used for family pleasure and comfort. *Griffin* v. *Russell,* supra.

3. While the wife was not obliged to furnish the use of an automobile to the children or her family from her separate property, yet having voluntarily done so, and having permitted its use as a part of her parental duties, she was liable where the injury occurred by reason of the operation of such automobile by a member of the family in a negligent manner, where such use was for the family pleasure and comfort. *Griffin* v. *Russell,* supra, citing Guignon v. Campbell, 80 Wash. 543 (141 Pac. 1031).

4. There is no merit in the contention of the defendant that the "family-purpose doctrine" is applicable only when the family-purpose automobile is owned by the father, because he is the head of the family, and that such doctrine ought not to apply to the mother or any other member of the family. There is no difference in principle between the ownership by the father and by the mother. 42 C. J. 840, § 1083, and cit.; *Griffin* v. *Russell,* supra.

5. The burden of proof is upon a parent whose minor child causes an injury while driving the parent's automobile, to overcome the presumption that the child was driving the vehicle for the parent; and where the

evidence shows that a family car is openly and habitually used by a minor child as a member of the family, it is a reasonable inference that the car was being operated by the authority of the parent and for the purposes for which it was maintained. See *Perry* v. *Lott*, 38 *Ga. App.* 729 (2) (145 S. E. 479); Birch *v.* Abercrombie, 74 Wash. 486 (133 Pac. 1020, 50 L. R. A. (N. S.) 59); Robertson *v.* Aldridge, 185 N. C. 292 (116 S. E. 742).

6. It is negligence for a mother who owns an automobile to permit her minor son to drive the same, where she knows that he is in the habit of driving such automobile in a reckless manner, and evidence that he was in the habit of driving such automobile recklessly and had such reputation in the neighborhood where the family resided, is sufficient to take to the jury the question of the mother's knowledge of the minor's use of the car and that he was a reckless driver.

7. This court has considered the decisions in *Espy* v. *Ash*, 42 *Ga. App.* 487 (156 S. E. 474), and *Bryant* v. *Keen*, 43 *Ga. App.* 251 (158 S. E. 445), and, considering them as stating the principle of the "family-purpose doctrine" clearly, declines to overrule or modify them, as requested by defendant. There is nothing to the contrary of the rulings in the instant case in *Dougherty* v. *Woodward*, 21 *Ga. App.* 427 (94 S. E. 636), *Lacey* v. *Forehand*, 27 *Ga. App.* 344 (108 S. E. 247), *Mitchell* v. *Mullen*, 45 *Ga. App.* 285 (164 S. E. 278), and *Stanford* v. *Smith*, 173 *Ga.* 165 (159 S. E. 666).

8. If headnote 4 of the decision in *Mitchell* v. *Mullen*, supra, that "The doctrine [as to family-purpose car] can not be extended so as to bring within its operation an automobile not kept and maintained by the *head of the family* for the comfort, pleasure, and convenience of the members of his family" (italics ours), in anyway conflicts with the rulings of the Supreme Court in *Griffin* v. *Russell*, supra, as to the liability of a mother for a family-purpose car owned by her, it must yield thereto.

9. There is no merit in the contention that the evidence did not support a finding that the car of the mother was not used as a "family-purpose car," at the time of the injury sued for. The evidence amply supports this theory.

10. The evidence authorized the verdict, and, there being no error of law committed, the court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED SEPTEMBER 21, 1934. REHEARING DENIED SEPTEMBER 29, 1934.

*Haas, Gambrell & Gardner, Charles D. Hurt, W. A. Slaton, C. E. Sutton,* for plaintiff in error.

*Earle Norman,* contra.