24668. WOLFSON *v.* RAINEY.

DECIDED JULY 3, 1935.

*Henry D. Gaggstatter,* for plaintiff.

*W. R. Flournoy,* for defendant.

SUTTON, J. This was an action for damages, brought against a stepfather on account of injuries caused by his automobile while being driven by his stepdaughter. Upon the conclusion of the plaintiff's evidence a nonsuit was granted, and the exception is to that judgment.

1. It was held in *Griffin* v. *Russell,* 144 *Ga.* 275 (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994), that where a father provides an automobile for the purpose of furnishing his family with pleasure and comfort, and a member of his family uses such automobile for that purpose, the use of the automobile therefor is within the scope of the father's business. See *Bryant* v. *Keen,* 43

*Ga. App.* 252 (158 S. E. 445); *Kennedy* v. *Manis,* 46 *Ga. App.* 808 (169 S. E. 319); *Lacey* v. *Forehand,* 27 *Ga. App.* 344 (108 S. E. 247); *Ficklen* v. *Heichelheim,* 49 *Ga. App.* 777. The rule announced by these decisions seems to be that when an automobile, kept by a father for the comfort and pleasure of his family, is being used for that purpose, it is being used within the scope of the business of the father.

2. A stepdaughter who does not live in the home of and is not a member of the family or household of her stepfather, but who lives with her own father, should not be considered as a member of her stepfather's family, to the extent of rendering him liable where he keeps and maintains an automobile for the comfort, pleasure, and business of his family, and his stepdaughter, while not living with him, without his knowledge or consent, takes the automobile and uses it for her exclusive comfort and pleasure, and not connected in any way with the business or pleasure of the family of her stepfather, and while so using it has a wreck, inflicting certain injuries upon the daughter of the plaintiff, who brings suit against the stepfather, seeking to hold him liable under the theory that the automobile was kept and maintained by him for the use, comfort, and pleasure of his family, that the stepdaughter was a member of defendant's family, and was using the automobile for the use, comfort, pleasure and business of the family of the defendant at the time she wrecked the same and inflicted the injuries complained of. See *Samples* v. *Shaw,* 47 *Ga. App.* 337, 339 (170 S. E. 389); *Bryant* v. *Keen,* supra; *Mitchell* v. *Mullen,* 45 *Ga. App.* 285 (4) (164 S. E. 278). Under the foregoing decisions the "family-purpose-car doctrine" enunciated by the Supreme Court in *Griffin* v. *Russell,* supra, has been restricted by this court to members of the family of the owner of the automobile, and will not be extended so as to bring within its operation the use of an automobile kept and maintained by a stepfather for the use of his family, by his stepdaughter not living with and not a part of his family.

At the time of the accident and for eight months previous thereto, the stepdaughter had lived with her own father, and she was not a member of the household of her stepfather at the time of the accident involved, and had no right to the use of his automobile kept by him for the use and comfort of his family, without his express consent or permission, although he testified that he had permitted

her to drive other automobiles kept by him at his home when she resided at his home.

3. Plaintiff having failed to make out a prima facie case,—that is, the evidence having failed to establish that the stepdaughter was a member of the household or family of the defendant at the time of the injury sued for, the trial judge properly granted a nonsuit. *Johnson* v. *Rycroft,* 4 *Ga. App.* 547 (61 S. E. 1052); *Brooke* v. *Nashville &c. Ry. Co.,* 5 *Ga. App.* 253 (62 S. E. 1002); Code of 1933, § 110-310.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*