### 27650. GOLDEN v. MEDFORD.

DECIDED MARCH 15, 1940.

Mozley & Combs, for plaintiff in error.
Carmichael & Grove, contra.

BROYLES, C. J. This court in this case certified the following question to the Supreme Court: "Where a married woman owns as her separate property an automobile which she keeps for the comfort, pleasure, and convenience of the members of her family including her husband, and where, with her knowledge and consent, he is riding in and directing the operation of the car for his own pleasure; and where, without the knowledge or the express consent of the wife, she not being present, the husband procures an adult person, not a member of her family, to drive the car under the

direction, control, and supervision of the husband, is the wife, under the 'family-purpose doctrine' of force in this State, liable in damages for personal injuries to a third person caused by the negligence of the driver in operating the car on the public highway?" The Supreme Court returned the following answer: "Construing this question to mean that the husband had general authority from the wife not only to ride in but to direct the operation of the car by others for his own pleasure, but that so far as this particular instance was concerned she had no actual knowledge, and had given no 'express' consent for her husband to ride in and direct the driving of the car by the individual, not a member of the family, who was operating it under the direction of the husband at the time the accident occurred, the question as propounded must be answered in the affirmative. Nothing is here decided as to what the law would be under a state of facts other than as here indicated. See *Griffin* v. *Russell*, 114 *Ga.* 275 (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994); *Hubert* v. *Harpe*, 181 *Ga.* 168 (182 S. E. 167); *Evans* v. *Caldwell*, 184 *Ga.* 203 (190 S. E. 582); *Wells* v. *Smith*, 54 *Ga.* 262; *White* v. *Levi & Co.*, 137 *Ga.* 269 (2), 271 (73 S. E. 376)." Applying the foregoing ruling of the Supreme Court to the facts set forth in the instant petition, a cause of action was set forth therein against Mrs. Golden, the owner of the automobile in question; and her general demurrer to the petition was properly overruled.

*Judgment affirmed. MacIntyre, J., concurs.*

GUERRY, J., concurring specially. Under the answer to the certified questions a judgment of affirmance is the only one that this court may render. I am unable to distinguish in my own mind the principle enunciated in *Griffin* v. *Russell*, and *Hubert* v. *Harpe*, supra, which is not a full-bench decision. If the family-car doctrine is based on duty and responsibility, or master and servant, I can not understand why a wife, who may not be liable for the contracts of her husband although they are assumed in writing by a most solemn undertaking, will be held by law to be responsible for the torts of her husband because she has allowed him to drive an automobile which she keeps for the use of members of her family.