31578. COHEN *v.* WHITEMAN *et al.*

DECIDED MAY 27, 1947. REHEARING DENIED JUNE 18, 1947.

*Smith, Partridge, Field & Doremus, Ringel & Ringel,* for plaintiff..

*Neely, Marshall & Greene, Powell, Goldstein, Frazer & Murphy,* for defendants.

PARKER, J. The head of a family who keeps and maintains an automobile for the use, comfort, pleasure and convenience of the family is liable for an injury resulting from the negligence of a minor son, a member of the family, while operating the automobile with the knowledge and consent of the owner, for the comfort or pleasure of the family, and thus in pursuance of the purpose for which it was kept and maintained by the parent. This is a fair statement of the rule called variously "family-purpose doctrine," "family-service rule," "family-automobile doctrine," and "family-car rule," as recognized and applied in the leading case of *Griffin* v. *Russell,* 144 *Ga.* 275 (87 S. E. 10, L. R. A. 1916 F, 216, Ann. Cas. 1917 D, 994). The doctrine of the family car has been extended or applied to liability for damages caused by an adult son or daughter living with the parent as a member of the family *(Kennedy* v. *Manis,* 46 *Ga. App.* 808, 169 S. E. 319, *Hubert* v. *Harpe,* 52 *Ga. App.* 262, 183 S. E. 98); and to a married woman owning an automobile as her separate property, which she permitted different members of the family to use for their comfort and pleasure, although she was not the head of the family, her husband living with her and owning an automobile which was used for family pleasure and comfort *(Ficklen* v. *Heichelheim,* 49 *Ga. App.* 777, 176 S. E. 540), and to the liability of a mother for the negligence of her minor son, in driving her car with her consent although he departed from the route she directed *(Evans*

v. *Caldwell,* 52 *Ga. App.* 475, 184 S. E. 440), and to an unmarried man who was the head of a family consisting of himself, a widowed mother and two sisters, one of whom was unmarried, for the negligence of the unmarried sister in operating the automobile maintained by the brother. *Levy* v. *Rubin,* 181 *Ga.* 187 (182 S. E. 176). The rule has been restricted so as not to apply to injuries inflicted by a brother-in-law *(Rape* v. *Barker,* 25 *Ga. App.* 362, 103 S. E. 171), nor to injuries caused by a son-in-law *(Bryant* v. *Keene,* 43 *Ga. App.* 251, 158 S. E. 445), nor by a grandson *(Mitchell* v. *Mullen,* 45 *Ga. App.* 285, 164 S. E. 278), nor by a nephew of the owner in the absence of testimony that he was a member of the owner's family *(Samples* v. *Shaw,* 47 *Ga. App.* 337, 170 S. E. 389), nor to injuries caused by a stepdaughter where she did not live with the stepfather, the owner of the car, but lived with her own father *(Wolfson* v. *Rainey,* 51 *Ga. App.* 493, 180 S. E. 913).

Counsel for the defendant Whiteman contend that the amendment of the plaintiff did not meet the grounds of the demurrers as originally filed, and that in the absence of exceptions the ruling on the first demurrers became the law of the case. This is but another way of saying that the petition as amended did not allege a cause of action. If it did set out a cause of action the contention of the defendant as to this point of practice or procedure is without merit. The order sustaining the original demurrers was conditional and not an absolute and final judgment. It gave the plaintiff twenty days in which to amend to meet the grounds of the demurrers, and showed on its face that it was not intended to be final until and unless the plaintiff failed to amend. The plaintiff amended within the time provided in the order, and in a manner that was sufficient to meet the demurrers, and it was not necessary or proper to except to that order. See *Olds Motor Works* v. *Olds Oakland Co.,* 140 *Ga.* 400 (78 S. E. 902), and *Peoples Loan Co.* v. *Allen,* 198 *Ga.* 516, 518 (32 S. E. 2d, 175).

In the first instance the plaintiff alleged that she did not know who was driving the defendant's automobile at the time of the accident, but that the defendant did know. In response to the demurrers she alleged that Gerald Fishman was directed and permitted by Arnold Whiteman to take over the wheel and drive the car before the collision occurred, but that Arnold Whiteman, the

defendant's son, still had "control, authority and direction over the said automobile," and "remained in the automobile, and although not personally operating it had not relinquished control over it," and "it was still being used in furtherance of the purpose as set out in the petition," that is, as a family-purpose car. While liability under the "family-purpose doctrine" is not founded altogether on the existence of a family relationship, but is predicated also on the principles of the law of agency, or of master and servant, it is well settled that when the head of a family makes it his business to entertain or furnish pleasure to members of his family, a liability arises under the law of principal and agent and of master and servant, and the member of the family using the automobile for the purposes for which it is kept and maintained by the head of the family becomes in legal contemplation the agent or servant of the owner. It has been said that "no hard and fast rule can be laid down to determine what is the 'business' or 'scope of employment' of a parent as applied to members of his family." *Kalil* v. *Spivey*, 70 *Ga. App.* 84, 91 (27 S. E. 2d, 475). After citing a number of cases applying the family-car doctrine, in *Wolfson* v. *Rainey*, 51 *Ga. App.* 493 (supra), this court said: "The rule announced by these decisions seems to be that when an automobile, kept by a father for the comfort and pleasure of his family, is being used for that purpose, it is being used within the scope of the business of the father."

In this case it appears from the allegations of the petition that the automobile involved in the wreck in which the plaintiff's son was killed was clearly a family-purpose car, that it was being used by the son of the owner for his pleasure and comfort in making a trip from Atlanta to Athens, Georgia, with two of his friends whom he had invited to accompany him. Although the son permitted one of the friends riding with him to drive the car, the son retained control, authority and direction over the automobile, and he remained in the automobile which was still in his possession, custody and control, and it was still being used when the collision with the truck occurred in furtherance of the purposes and objects contemplated in its use as a family car. It seems to us that these allegations were sufficient as against the demurrers interposed by the defendant. The temporary driving of the automobile by one of the son's invited guests, under the circumstances set

forth in the petition, did not destroy its character as a family-purpose car, and the negligence of the temporary driver was, in contemplation of law, the negligence of the son for which the father as the owner of the car would be liable.

The exact point involved does not seem to have been passed on by the courts of this State. The case nearest in point is *Golden* v. *Medford,* 189 *Ga.* 614 (7 S. E. 2d, 236), 62 *Ga. App.* 229 (8 S. E. 2d, 531). In that case it appears that a husband was riding in and directing the operation of a family-purpose car owned by his wife, which she kept for the comfort, pleasure and convenience of the members of her family, including her husband, and that the husband, without the knowledge or express consent of the wife, she not being present, procured an adult person, not a member of her family, to drive the car under the direction, control and supervision of the husband. The question was whether the wife, under the family-purpose doctrine, was liable in damages for personal injuries to a third person caused by the negligence of the driver. In answering a certified question from this court the Supreme Court construed the question to mean that the husband had general authority from the wife not only to ride in, but to direct the operation of the car by others for his own pleasure, and under that construction held that the wife would be liable. This court has held that the use by a son of a family-purpose automobile, in violation of instructions of the father, does not necessarily render the act that of the son alone, and not an act as a servant of the father. *Battle* v. *Kilcrease,* 54 *Ga. App.* 808 (189 S. E. 573).

The courts of other States seem to have passed upon the question involved in this case. The wife of the owner of a family-purpose car permitted a person riding with her in the car on a shopping trip to drive the car, and the owner was held liable for the negligent operation of the car by such third person. Goss *v.* Williams, 196 N. C. 213 (145 S. E. 169). Where a mother had allowed her son the use of an automobile to take a friend and two girls riding she would be responsible for injuries resulting from negligence of the friend whom the son had permitted to drive while he rode in the back seat. Thixton *v.* Palmer, 210 Ky. 838 (276 S. W. 971, 44 A. L. R. 1379). Where a father kept an automobile for the pleasure of his family, including a daughter 19 years

of age, and on the occasion of the accident the daughter was joined by a party of young people and permitted a cousin to drive the car, the father was held liable for the negligence of the driver. The court said: "The daughter remained in the car and, although not personally operating it, had not relinquished control over it, nor turned it over to another to use for his own purposes. It was still being used in furtherance of the purpose for which she had taken it out." Kayser *v.* Van Nest, 125 Minn. 277 (146 N. W. 1091, 51 L. R. A. (N. S.) 970). (This case is cited and discussed in *Griffin* v. *Russell,* cited supra.) Where a son who was driving a family purpose car requested and directed a third person to operate the same in his presence, the owner was held to be liable for the negligence of the operator. Eagon *v.* Woolard, 122 W. Va. 565 (11 S. E. 2d, 257, 134 A. L. R. 970). Justice Cardozo, while a member of the Court of Appeals of New York, in a case analogous to the case at bar, had this to say: "Only a narrow construction [of the statute involved] would permit us now to say that an owner placing a car in the care of members of his family to be used for their pleasure or for the family business would escape liability if wife or son or daughter should give over the wheel to the management of a friend. The ruling has been more liberal whenever the question has come up." Grant *v.* Knepper, 245 N. Y. 158 (156 N. E. 650, 54 A. L. R. 845).

The defendant relies largely upon the case of *Schumer* v. *Register,* 12 *Ga. App.* 743 (78 S. E. 731), his counsel stating in their brief that they used the language of the decision in that case in preparing their demurrers in this case. It is true that the case relied on seems to sustain the contentions of the defendant, but it was decided in 1913, more than two years before the Supreme Court, for the first time, stated clearly the family-car doctrine in the leading case of *Griffin* v. *Russell,* 144 *Ga.* 275 (supra), which was decided in 1915. And, in *Griffin* v. *Russell,* the Supreme Court referred to *Schumer* v. *Register* and analyzed the cases cited therein and on which that decision was based, and then in effect overruled it by saying: "We can not concur with our brethren of the Court of Appeals in the view which they seem to have taken of the decisions cited." It seems therefore that the *Schumer* case is not controlling authority on the question involved in the case at bar.

We think the petition of the plaintiff as amended stated a cause of action and that the court erred in sustaining the demurrers.

This case was considered by the court as a whole under the provisions of the act approved March 8, 1945 (Ga. L., 1945, p. 232).

*Judgment reversed. Sutton, C. J., MacIntyre, P. J., Gardner and Townsend, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. As I understand the law in respect to the "family-purpose doctrine," it is that the head of a family is liable for the negligence of the authorized driver of a family-purpose car because the furnishing of the car for family purposes is the business of the owner and constitutes the members of the family for whom the car is furnished agents of the owner in the prosecution of his business. The liability of the owner is based exclusively on the agency of the family member. *Dougherty* v. *Woodward,* 21 *Ga. App.* 427 (94 S. E. 636) ; *Griffin* v. *Russell,* 144 *Ga.* 275 (supra). It seems to me that the question of liability in this case must be decided on the general principles of agency as decided by the courts of this State and not on "some new and anomalous slant applied by the courts to the principles of agency" not applicable to other cases involving the relationship of principal and agent. It has been held by the courts of this State that, "If a servant who is employed to do certain work for his master employs another person to assist him, the master is liable for the negligence of the assistant only when the servant had authority, express or implied, to employ him, or when the act of employment is ratified by the master." *Cooper* v. *Lowery,* 4 *Ga. App.* 120 (60 S. E. 1015) ; *White* v. *Levi & Co.,* 137 *Ga.* 269 (73 S. E. 376) ; *Samples* v. *Shaw,* 47 *Ga. App.* 337 (170 S. E. 389) ; *Atlanta & West Point R. Co.* v. *West,* 121 *Ga.* 641 (49 S. E. 711, 67 L. R. A. 701, 104 Am. St. R. 179) ; *Schumer* v. *Register,* 12 *Ga. App.* 743 (supra) ; *Western & Atlantic R. Co.* v. *Jackson,* 21 *Ga. App.* 50 (93 S. E. 547) ; *Pearce, Young, Angel Co.* v. *Ward,* 72 *Ga. App.* 89 (33 S. E. 2d, 39). In I Restatement of the Law of Agency, § 241 (e), it is stated: "A servant, while remaining with the instrumentality, may surrender its immediate control to another, as where the driver of a truck permits a boy to drive it. Although such surrender is not negligent, the master remains subject to liability for any negligence of the employee in supervis-

ing the conduct of the other. However, in the absence of negligence by his servant, the master is not liable for any casual negligence of the other while under the supervision of the servant." At least some of the cases, and this includes all of the cases cited in the majority opinion from foreign jurisdictions, holding the head of a family liable in such cases as this originated in States where it was held by the courts that the master is liable for the acts of a substitute on the theory that the servant or agent was present and that the act of the substitute is the act of the agent. If that were the law in Georgia as to master and servant generally, then I would agree that the rule is applicable in a case like the instant one. Unlike the majority, I can not see any magic in the principal and agent relationship as between the head and a member of the family, brought into play by the family-car doctrine, which makes it any different from any other principal and agent relationship. Except as to necessaries, a wife's agency for her husband stands on the same footing as to existence and proof, as any other agency. The same is true as to parent and child. The methods of proof may vary, but the principles involved remain the same. At this point it might be well to refer to the basis of the instant case. The amendment to the petition alleged that when the son directed his friend to drive the car the son had not relinquished control over it. If this allegation is construed to mean that the son had as complete control over the car as when he was driving himself it is false on the face of it. Construing the petition against the pleader, the case is based solely on the son's permitting the friend to drive and the son's presence in the car. It is not based on any negligence of the son either in knowingly permitting an incompetent person to drive or in negligently supervising the operation of the car under "circumstances where supervision could be found to be effective." To my mind the Supreme Court of this State has clearly declared what the law is in a case similar to this in its answer to a question certified by this court. *Golden* v. *Medford,* 189 *Ga.* 614 (supra). It will be noted that the question asked the Supreme Court omitted the question of "implied authority" on the part of the husband to obtain a substitute driver. The Supreme Court construed the question as stating that the husband had authority to do what he did, either expressly or impliedly, and answered

the question accordingly. The court's citation of the case of *White* v. *Levi & Co.* is not without significance. To me it says again that the principle stated in *White* v. *Levi & Co.* is still the law, as stated above. In applying the ruling of the Supreme Court, answering the certified question of this court (*Golden* v. *Medford*, 189 *Ga.* 614, supra), this court's ruling in *Golden* v. *Medford*, 62 *Ga. App.* 229 (supra), in no way changes the general rules of principal and agent in applying the family-car doctrine. Paragraph 4 of the petition in that case, which was before the Supreme Court when it answered the certified question alleges: "On the 16th day of November, 1938, the defendant, V. S. Golden, was riding in and *was directing the operation of said Chevrolet automobile with the knowledge and consent* of the owner, the defendant, Mrs. V. S. Golden, for his own pleasure and in pursuance of the purpose for which said Chevrolet was kept and maintained by the owner, the defendant, Mrs. V. S. Golden." Under that state of the record, the husband was directing the third party to drive the automobile with the knowledge and consent of his wife and it was by reason of such knowledge and consent that the petition was held to state a cause of action by this court and also possibly influenced the Supreme Court to answer the certified question as it did. If authority to employ an assistant impliedly and presumptively arises out of the mere employment of a servant, such a ruling as is made above is futile, useless, and a waste of time and paper. What the ruling means is that there must be express authority to employ the assistant, or there must be circumstances, in addition to and outside of the very employment itself from which the law implies consent to the employment of an assistant, or that the employment was ratified. If the very employment of an agent as a matter of law authorizes the agent to employ another what is the use of discussing whethei the agent had express or implied authority?

In the opinion in *Grant v.* Knepper, 245 N. Y. 158, cited in the majority opinion, Judge Cardozo stated: "There are holdings or at least dicta to the effect that if the servant is present, the act of the substitute will be taken as his own, though there was neither negligence in the selection of one inexperienced or incompetent, nor failure of supervision in circumstances where supervision could be found to be effective. *We are not prepared to go so far if lia-*

296

*bility is to be measured by the rule at common law."* [Emphasis added.] The decision in that case is based on the interpretation of the word "use" in a statute and it was construed very liberally indeed and "use" was held to include the driving by a substitute driver for the servant where the motor truck was driven by the substitute on the master's business. That was not a family-purpose case and is contrary to *White.* v. *Levi & Co.,* supra. I do not think that the Supreme Court in *Griffin* v. *Russell,* supra, did any more than differ with the Court of Appeals in its interpretation of certain cases cited in *Schumer* v. *Register,* supra, neither of which is on the particular point under discussion. It is well to remember that the driver in the case of *Griffin* v. *Russell,* was not a substitute driver and the court did not have the question here involved before it. I can see no conflict between the two cases on the question in this case. The case of *Griffin* v. *Russell* was decided in 1915. That of *Samples* v. *Shaw,* supra, was decided in 1933. Yet, in the latter case the court cited *Schumer* v. *Register,* supra, on the question of the necessity for the primary agent to have express or implied authority to appoint a subagent. So it seems that the court in citing the *Register* case did not think it had been overruled on this point at least.