230 S.C. 207 (1956)
95 S.E.2d 168
LAURA H. NORWOOD, Administratrix of the Estate of Thomas L. Norwood, deceased, Respondent,
v.
C.S. PARTHEMOS, Administrator of the Estate of Merceder Hernandez and the Estate of Frellan Alexander Coley, Jr., and F. A. Coley, Appellant.
17217
Supreme Court of South Carolina.
November 5, 1956.
Messrs. Leatherwood, Walker, Todd & Mann, of Greenville, for Appellant.
*208 Messrs. Brown & DeMaio, of Abbeville, for Respondent.
The opinion of Judge Brailsford follows:
Plaintiff's intestate was killed in an automobile accident near Winnsboro, South Carolina, on June 8, 1954. He was at the time an invited guest in a 1953 Ford which belonged to the defendant F.A. Coley, a resident of Gastonia, North Carolina. The other occupants of the car were F.A. Coley, Jr., son of the owner, and one Merceder Hernandez, who was driving at the time of the accident. Both were non-residents of South Carolina and they too died of injuries sustained.
After the appointment of a South Carolina administrator of the estate of F.A. Coley, Jr., and of Merceder Hernandez under Section 10-212, Code of 1952, two actions were brought against the administrator thus appointed and F.A. Coley, one for wrongful death and one for injuries to plaintiff's intestate.
The validity of the appointment of the South Carolina administrator was challenged and plaintiff has taken voluntary nonsuits as to the defendants other than F.A. Coley. This defendant was served with process through the Chief Highway Commissioner, pursuant to Section 46-104, Code of 1952. He has made a special appearance for the purpose of questioning the jurisdiction of the court and moves to set aside the purported service on him on the ground that "the complaint shows upon its face that at the time of the alleged accident the defendant, F.A. Coley, was not operating the automobile nor was it being operated for him or under his control or direction, express or implied."
*209 The complaint against this defendant is squarely based upon the family purpose doctrine. I do not understand that the defendant intends to challenge the sufficiency of its allegations to state a cause of action against him. Agency is the genesis of this doctrine, which is the settled law of this state. Mooney v. Gilbreath, 124 S.C. 1, 117 S.E. 186. It is immaterial to its application that the actual operation of the automobile was by a companion of the son for whom it was maintained and to whom it was furnished by the defendant. Burbage v. Curry, 127 S.C. 349, 121 S.E. 267; Goss v. Williams, 196 N.C. 213, 145 S.E. 169; Golden v. Medford, 62 Ga. App. 229, 8 S.E. (2d) 531.
We apparently have no case involving constructive service on a non-resident owner sued in this state under the family purpose doctrine. The point has been decided with logic adversely to defendant's contention by the Supreme Court of our sister state, of which he is a resident. Ewing v. Thompson, 233 N.C. 564, 65 S.E. (2d) 17.
The ground of the motion to set aside the service is not sustained by the allegations of the complaint, especially in the light of applicable legal principles; and no other evidence thereof has been offered. The motion must be denied in each case and the defendant given twenty days after notice of the filing of this order, which will be applicable to both actions, to answer the complaint. And,
It is so ordered.
November 5, 1956.
Per Curiam.
The issue presented by the single exception on appeal in this case is correctly decided in the order of Judge Brailsford. The exception is overruled and the order is adopted as the judgment of this court.